JAMES EARL TIDWELL, Plaintiff in Error, v. C. MURRAY HENDERSON, Warden, Defendant in Error.

454 S.W.2d 185.

Court of Criminal Appeals of Tennessee. March 25, 1970.

Certiorari Denied by Supreme Court May 4, 1970.

Brett B. Stein, Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Everett H. Falk, Asst. Atty. Gen., Nashville, James G. Hall, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

GALBREATH, Judge.

On the 22nd day of August, 1969, we reversed the action of the Criminal Court of Shelby County in overruling the plaintiff in error's petition for the writ of habeas corpus because the bill of exceptions was not

timely filed. On remand, the parties stipulated that the testimony as set out in the purported bill of exceptions could be considered as evidence, and on the 10th day of December, 1969, the case was submitted to the court without further testimony or argument.

On the 5th day of January, 1970, the trial court entered a memorandum opinion narrating the proof and dismissing the petition primarily because the petitioner failed to establish the truth of his allegations by a preponderance of the evidence, and from said order this appeal has been perfected.

■ The petitioner, as the defendant in the Criminal Court of Shelby County, entered a plea of guilty to rape in November, 1955. He was represented by the Public Defender, Mr. Hugh Stanton, Sr., who testified that he recalled the case, that he made an investigation of the facts, and discussed the dangerous aspects of the case with the defendant, who voluntarily chose to enter a plea of guilty and accept the State's offer of ninety-nine years rather than risk the outcome of a trial. Mr. Stanton testified that the petitioner was not forced in any respect to enter a plea of guilty and that the case was thoroughly prepared for trial. This testimony conflicts dramatically with Tidwell's allegations in the petition and his testimony to the effect he was not afforded his constitutional right to effective counsel and to the further effect that the plea of guilty was not entered freely and voluntarily.

> "Upon pleading guilty, appellant admitted all facts alleged and waived all non-jurisdictional defects." Reed v. Henderson, 6 Cir., 385 F.2d 995.

This rule of law makes it unnecessary to discuss in detail Tidwell's allegations of constitutional deprivation pre-

ceding the plea of guilty respecting the arrest and preliminary proceedings, alleged beatings administered by police and the involuntariness of a number of confessions obtained from the defendant.

"A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury, it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." State ex rel. Barnes v. Henderson, 220 Tenn. 719, 423 S.W.2d 497, quoting Brooks v. State, 187 Tenn. 67, 213 S.W.2d 7. Also, see Machibroda v. U. S., 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473.

Another reason compels us to affirm the judgment of the trial court. There was no proof presented to the trial judge in support of the allegations in the petition except that of the petitioner himself. Weighed against the unsupported testimony of the petitioner was that of the respected Public Defender of Shelby County, an investigating officer who obtained a statement from the defendant and who denied that the defendant had been mistreated in any way and the presumption of regularity that accompanies judicial proceedings. Under such circumstances when the evidence does not preponderate against them, we cannot substitute our judgment for the trial court's findings of fact. See Gray v. Johnson, 354 F.2d 986, cert. den. 383 U.S. 961, 86 S.Ct. 1232, 16 L.Ed.2d 304; Bates v. Meadows, 358 F.2d 674, cert. den. 385 U.S. 937, 87 S.Ct. 299, 17 L.Ed.2d 217.

The judgment is affirmed.

RUSSELL and HYDER, JJ., concur.