JAMES WILLIAM HARRISON, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

455 S.W.2d 617.

Court of Criminal Appeals of Tennessee. April 6, 1970.

Certiorari Denied by Supreme Court June 1, 1970.

Hugh W. Stanton, Sr., Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, William D. Hayes and F. Glen Sisson, Asst. Dist. Attys. Gen., Memphis, for defendant in error.

## OPINION

GALBREATH, Judge.

The only serious question presented by this ap-

peal from plaintiff in error's conviction in the Shelby County Criminal Court for armed robbery is that thirty years imposed by the verdict of the jury following a prolonged trial on his plea of not guilty is excessive in view of sentences of ten years imposed on two co-defendants who entered pleas of guilty. Other assignments of error challenging the sufficiency of the evidence need not be discussed at length in view of the overwhelming evidence of guilt appearing in the record, including eye-witness identification by the victim. Certainly, the evidence does not preponderate against the verdict and so we cannot disturb the jury's factual findings. See McBee v. State, 213 Tenn. 15, 372 S.W.2d 173.

■ ■ Neither can we sustain the novel theory advanced by plaintiff in error based on the disparity between the sentence meted out by the jury to him after a trial on the merits and the lesser ones bargained for by his co-defendants. No one knows what a jury will do and the decision to bargain for and accept a sentence certain in its term is one that must be made freely by each person who finds himself in danger of being convicted of crime. There is no compulsion on the part of the State or the defendant in a criminal case to enter into such negotiations but pleas of guilty have become an integral part of the administration of criminal justice. As one Federal Court has observed:

"The power of a court to accept a plea of guilty is traditional and fundamental. Its existence is necessary for the * * * practical * * * administration of the criminal law. Consequently, it should require an unambiguous expression on the part of the Congress

to withhold this authority in specified cases." United States v. Willis, D.C., 75 F.Supp. 628.

Certainly, the co-defendants of plaintiff in error would not have been in a position to have their sentences modified or set aside if the plaintiff in error had been convicted of a lesser offense and sentenced to five years, or acquitted altogether. They chose to accept certainty rather than risk the outcome of a trial. This course appeals to some; others, apparently as did the appellant here, had rather gamble on the outcome, ignoring Hamlet's observation that it is better "to bear these ills we have than fly to others that we know not of."

In his brief, counsel for appellant cites North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.E.2d 656, as authority for his position that a greater punishment should not be imposed on different defendants for the same degree of participation in the same crime. *Pearce,* as we understand it, has no application to the facts in this case or the theory advanced. The issue in *Pearce* deals with the question of whether or not a person who obtains appellate relief from his original conviction may, upon retrial, be subjected to harsher punishment. Pearce instructs that harsher punishment may be imposed on retrial if the sentencing judge affirmatively sets out in the record the reason for increased punishment. Even if *Pearce* could be applied here, although it clearly cannot be, ample affirmative reason appears in this record for imposing a different and greater penalty than in the cases of the co-defendants who pled guilty. In this case, the jury had all the unsavory details of a crime punishable by death before it. Counsel for the State points out in his brief that evidence of the defendant below's crimi-

nal record was introduced and that this probably influenced the jury in fixing punishment. We are afraid counsel's candid assertion of this truth is correct and that, although such evidence was only admissible to impeach the credibility of the defendant as a witness and should not be considered for any other purpose, this is another of the unmitigated fictions that all practicing lawyers and most courts recognize but tolerate. It might be that legislative or judicial review of this rule of evidence is needed, but this is not the case in which to consider that problem.

The defendant received a fair trial and had his punishment properly fixed by a jury.

The judgment is affirmed.

RUSSELL and HYDER, JJ., concur.