IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1994 SESSION



FILED

September 20, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | |
| | ) | No. 01-C-01-9404-CR-00122 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Walter C. Kurtz, Judge |
| | ) | |
| | ) | (Aggravated Kidnapping and |
| | ) | Murder Second Degree) |
| JAMES HOWARD TURNER, | ) | |
| | ) | |
| APPELLANT. | ) | |

FOR THE APPELLANT:

John E. Herbison
Attorney at Law
2016 Eighth Avenue, South
Nashville, TN 37204
(Appeal Only)

Edward M. Yarbrough
Attorney at Law
Third National Financial Center
424 Church Street
Nashville, TN 37219
(Trial Only)

Christine A. Freeman
Attorney at Law
Life & Casualty Tower
401 Church Street
Nashville, TN 37219-2310
(Trial Only)

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter
450 James Robertson Parkway
Nashville, TN 37243-0493

Charlotte H. Rappuhn
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General
Washington Square, Suite 500
222 Second Street, North
Nashville, TN 37201-1649

John C. Zimmerman
Assistant District Attorney General
Washington Square, Suite 500
222 Second Street, North
Nashville, TN 37201-1649

OPINION FILED:_____

AFFIRMED

Joe B. Jones

O P I N I O N

1

The appellant, James Howard Turner, was convicted of two counts of aggravated kidnapping and one count of accessory before the fact to murder in the second degree following his pleas of guilty to these offenses. The trial court imposed a sentence of confinement for forty-five (45) years in the Department of Correction in each count. The three sentences are to be served concurrently.

Four issues are presented for review. The appellant contends that:

> 1) [T]he trial court erroneously decided that the State had rebutted a presumption of unconstitutional vindictiveness with regard to prosecuting attorneys' recision of a pretrial plea offer favorable to the Defendant, which offer was rejected by the Defendant prior to trial as a result of prior counsel's proven ineffectiveness.
>
> 2) [T]he trial court erroneously refused to permit withdrawal of Defendant's pleas of guilty.
>
> 3) [The] application of Tennessee Code Annotated § 40-35-117(c) to this Defendant offends equal protection guaranties of Article I, § 8 of the Constitution of the State of Tennessee and/or the Fourteenth Amendment, § 1, to the United States Constitution.
>
> 4) [T]he sentence imposed by the trial court is excessive.

The judgment of the trial court is affirmed.

On December 8, 1980, the Davidson County Grand Jury indicted the appellant, Sam John Passarella, and Lloyd Earl Carroll, Jr., for two counts of aggravated kidnapping. The victims were Elizabeth R. Hudson and Monty Allen Hudson. Ms. Hudson was released unharmed. Mr. Hudson was murdered. On July 24, 1981, the Davidson Grand Jury indicted the appellant for two counts of aggravated kidnapping and one count of murder in the first degree.

The state made an offer of settlement to the appellant prior to trial. If the appellant entered pleas of guilty to lesser included offenses, the state agreed to recommend that the trial court impose a sentence of two (2) years. The appellant rejected the offer upon the advice of counsel. A jury convicted the appellant of two counts of aggravated kidnapping and one count of murder in the first degree. The jury sentenced the appellant to life in the Department of Correction for murder and confinement for forty (40) years in the

1

Department of Correction in each count of aggravated kidnapping.

The appellant moved the trial court for a new trial following his conviction. One of the grounds was the denial of his constitutional right to the effective assistance of counsel. The trial court, finding that trial counsel advised the appellant to reject the plea bargain agreement without adequately informing him of "all the aspects of the case and of the risks involved in rejecting the plea," granted the appellant a new trial. The state appealed the judgment of the trial court. This Court affirmed the trial court's decision to grant a new trial. State v. James Howard Turner, Davidson County No. 83-287-III (Tenn. Crim. App., Nashville, August 7, 1984), per. app. denied (Tenn. 1984).

Defense counsel and the district attorney general discussed the settlement of the three offenses following the appeal. The district attorney general made an offer of twenty (20) years, the minimum punishment for aggravated kidnapping. The appellant rejected the offer. The appellant then moved the trial court to require the district attorney general to reinstate the original offer of settlement, two (2) years. The trial court ordered the district attorney general to reinstate the original offer of two (2) years. This Court, holding that the trial court abused its discretion, reversed the judgment of the trial court. State v. Turner, 713 S.W.2d 327 (Tenn. Crim. App.), cert. denied, 479 U.S. 933, 107 S.Ct. 407, 93 L.Ed.2d 360 (1986).

The appellant subsequently sought habeas corpus relief in the United States District Court for the Middle District of Tennessee. The District Court ordered the district attorney general to reinstate the original offer of settlement unless he could overcome a presumption of vindictiveness. Turner v. Tennessee, 664 F. Supp. 1113, 1126 (M.D. Tenn. 1987). The Sixth Circuit Court of Appeals affirmed the District Court. Turner v. Tennessee, 858 F.2d 1201 (6th Cir. 1988). The Sixth Circuit held that the district attorney general was required to reinstate the original offer unless it could establish that its failure to do so was "not the product of prosecutorial vindictiveness." 858 F.2d at 1209. The United States Supreme Court granted the writ of certiorari. Tennessee v. Turner, 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 559 (1989). The Supreme Court entered a summary order and remanded the case to the Sixth Circuit for further consideration in view of its decision in Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). The

2

Sixth Circuit in turn remanded the case to the District Court for reconsideration in view of Smith.

The District Court abandoned the prosecutorial vindictiveness analysis following remand. The court held that the appropriate remedy was to require the State to reinstate the original offer of two (2) years. Turner v. Tennessee, 726 F. Supp. 1113, 1117-18 (M.D. Tenn. 1989). The Sixth Circuit agreed with the district court that Smith did not effect the remedy. Turner v. Tennessee, 940 F.2d 1000-01 (6th Cir. 1991). However, the Sixth Circuit reinstated the "vindictiveness" analysis. The Sixth Circuit said that "the case [should] be returned to the state forum where the prosecution may rescind its original plea offer only upon overcoming a presumption of vindictiveness." 940 F.2d at 1002. The United States Supreme Court denied certiorari. Tennessee v. Turner, 502 U.S. 1050, 112 S.Ct. 915, 116 L.Ed.2d 815 (1992). The district court subsequently entered an order requiring that the trial court conduct a hearing to determine if the district attorney general could overcome the presumption of vindictiveness.

The trial court held an evidentiary hearing pursuant to the order of the District Court. The court concluded that the district attorney general overcame the presumption of vindictiveness. The appellant subsequently entered pleas of guilty to the three offenses as previously indicated.

I.

A.

The appellant was faced with the option of pleading not guilty, guilty, or nolo contendere.[1] Pleading not guilty and going to trial was not a viable option. The state's case against the appellant was overwhelming. As previously stated, the appellant went to trial and was convicted of (a) murder in the first degree and sentenced to life and (b) two counts of aggravated kidnapping and sentenced to serve forty years for each count.

---

[1] Parham v. State, 885 S.W.2d 375, 379 (Tenn. Crim. App.), per. app. denied (Tenn. 1994).

Although the state was not required to engage in plea bargaining with the appellant,[2] defense counsel requested an offer of settlement. The state subsequently made alternative offers. First, the state agreed to recommend an aggregate sentence of twenty-five years if (a) the appellant entered a plea of guilty to two counts of aggravated kidnapping and one count of accessory before the fact to murder in the second degree, and (b) the appellant would agree to forfeit the credit for the time he spent in jail before he was granted a new trial. Second, the state agreed that the appellant could plead guilty to two counts of aggravated kidnapping and one count of accessory before the fact to murder in the second degree without a recommendation of punishment. The appellant was not required to forfeit the jail credit he had amassed if he opted for the second offer.

The appellant was represented by a seasoned and able defense attorney. Counsel provided the appellant with a copy of the letter containing the state's alternative offers. The appellant and counsel had numerous discussions about the two offers. Counsel advised the appellant that he would explain the ramifications of each offer, but the appellant had to determine which offer he wanted to accept. Both agreed that the appellant could not risk going to trial given the overwhelming evidence of his guilt.

The appellant accepted the offer to plead without a recommendation as to sentence so that he could receive credit for the time he had previously served. In other words, the

---

[2]See Weatherford v. Bursey, 429 U.S. 545, 561, 97 S.Ct. 837, 846, 51 L.Ed.2d 30, 43 (1977); State v. Hodges, 815 S.W.2d 151, 155 (Tenn. 1991) ("[t]here is no obligation on the part of the State to offer any benefit or advantage to the defendant by reason of entering a guilty plea"); State v. Cone, 665 S.W.2d 87, 94 (Tenn.), cert. denied, 467 U.S. 1210, 104 S.Ct. 2400, 81 L.Ed.2d 357 (1984) (state's refusal to offer accused a life sentence in a capital case did not constitute an "improper or selective prosecution"); Parham v. State, 885 S.W.2d 375, 382 (Tenn. Crim. App.), per. app. denied (Tenn. 1994) ("the state is not required to engage in plea bargaining"); Williams v. State, 491 S.W.2d 862, 867 (Tenn. Crim. App. 1972), cert. denied (Tenn. 1973) ("there [was] no obligation on the part of the State to offer any benefit or advantage to a defendant by reason of his [pleading guilty]"); Harrison v. State, 455 S.W.2d 617, 618 (Tenn. Crim. App.), cert. denied (Tenn. 1970) ("[t]here is no compulsion on the part of the State. . .to enter into [plea] negotiations"). As a corollary to this rule, the courts have held that an accused does not have a constitutional right to engage in plea bargaining. Mabry v. Johnson, 467 U.S. 504, 507, 104 S.Ct. 2543, 2545-47, 81 L.Ed.2d 437, 442 (1984); Weatherford, 429 U.S. at 561, 97 S.Ct. at 846, 51 L.Ed.2d at 42; State v. Washington, 661 S.W.2d 900, 904 (Tenn. Crim. App. 1983), cert. denied, 467 U.S. 1208, 104 S.Ct. 2394, 81 L.Ed.2d 351 (1984).

This rule is predicated upon the theory that plea bargaining is part of the district attorney general's broad charging discretion, namely, if and when a prosecution is to be instituted, the precise character of the offense to charge, and, once instituted, whether the prosecution should be dismissed or the nature of the offense reduced to a lesser included offense. See State v. Turner, 713 S.W.2d 327, 330 (Tenn. Crim. App.), per. app. denied (Tenn. 1986); W. LaFave & J. Isreal, Criminal Procedure § 20.3 at 795 (1985).

appellant chose to gamble on the sentence that the trial court might impose. Apparently, the appellant thought that the trial court would impose a sentence in the vicinity of thirty years. The credit for time served would make a sentence of thirty years more beneficial than a twenty-five year sentence without the credit.

The appellant entered pleas of guilty to two counts of aggravated kidnapping and one count of accessory before the fact to murder in the second degree[3] without a recommendation of punishment at the submission hearing. Later, the trial court sentenced the appellant to an aggregate sentence of forty-five years at the conclusion of the sentencing hearing.

## B.

When the appellant announced his intention to enter the pleas of guilty, the trial court was required to determine whether the pleas were being voluntarily, understandingly, and knowingly entered.[4] Pursuant to Rule 11(c), Tennessee Rules of Criminal Procedure, and our Supreme Court's decision in State v. Mackey,[5] the trial court was required to personally address the appellant in open court and explain the following:

a) the nature of the offenses to which the pleas are offered;[6]

_____

[3]The appellant stated in his "Petition to Enter Plea of Guilty" that he was entering a "best interest plea of guilty" to this offense.

[4]The origin of this standard is a statement made by the United States Supreme Court in Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). In Kercheval, the Court stated: "Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." 274 U.S. at 223, 47 S.Ct. at 583, 71 L.Ed. at 1012. While this statement constituted dicta based upon the issue before the Court, it was quoted with approval in Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473, 478 (1962). In Tennessee, this statement was quoted with approval in Brooks v. State, 187 Tenn. 67, 72, 213 S.W.2d 7, 9 (1948). In State ex rel. Barnes v. Henderson, 220 Tenn. 719, 727, 423 S.W.2d 497, 501 (1968), our Supreme Court, citing Brooks, said: "It is recognized in this State, as in all jurisdictions, that a plea of guilty must be made voluntarily and with full understanding of its consequences."

[5] 553 S.W.2d 337 (Tenn. 1977).

[6]Tenn. R. Crim. P. 11(c)(1); Henderson v. Morgan, 426 U.S. 637, 647, 96 S.Ct. 2253, 2258, 49 L.Ed.2d 108, 115-16 (1976).

b)  the mandatory minimum penalty and the maximum penalty prescribed by law;[7]

c)  his right to be represented by an attorney, and, if indigent, his right to have counsel appointed to represent him;[8]

d)  his right to plead not guilty or persist in that plea if such a plea was previously entered;[9]

e)  his right to trial by jury;[10]

f)  his right to the assistance of counsel if the appellant opts to go to trial;[11]

g)  his right to confront and cross-examine the state's witnesses if he elects to go to trial;[12]

h)  his privilege against compulsory self-incrimination, which could have been invoked if he elects to go to trial,[13] and that the entry of a plea of guilty constitutes self-incrimination;[14]

i)  a plea of guilty waives the right to a trial, and only a sentencing hearing will be conducted following the submission hearing;[15]

j)  the trial judge could ask the appellant questions about the offenses to which he was pleading guilty, and, if the appellant was required to answer the questions under oath, his answers could later be used against him in a prosecution for perjury or false statement if he did not answer the questions truthfully;[16]

k)  a different or additional punishment may result by reasons of his prior convictions

---

[7]Tenn. R. Crim. P. 11(c)(1); see Pitts v. United States, 763 F.2d 197, 200-01 (6th Cir. 1985).

[8]Tenn. R. Crim. P. 11(c)(2).

[9]Tenn. R. Crim. P. 11(c)(3).

[10]Tenn. R. Crim. P. 11(c)(3).

[11]Tenn. R. Crim. P. 11(c)(3).

[12]Tenn. R. Crim. P. 11(c)(3).

[13]Tenn. R. Crim. P. 11(c)(3).

[14]See Brady v. United States, 397 U.S. 742, 748, 90 S.Ct.1463, 1469, 25 L.Ed.2d 747, 756 (1970);  Johnson v. State, 834 S.W.2d 922, 924 (Tenn. 1992).

[15]Tenn. R. Crim. P. 11(c)(4).

[16]Tenn. R. Crim. P. 11(c)(5).

or other factors which may be established after the entry of his plea;[17]

l) evidence of any prior conviction could be presented for consideration in determining the appropriate punishment for the offenses to which pleas of guilty were being entered;[18] and

m) the judgments of conviction for the offenses to which he was pleading guilty could be used to enhance the punishment for a subsequent offense.[19]

The trial court also was required to determine whether there was a factual basis for the appellant's pleas of guilty,[20] the pleas were being voluntarily entered,[21] the appellant's understanding of the effect of his pleas of guilty,[22] and whether the appellant's willingness to plead guilty was due to discussions between the district attorney general and the appellant or appellant's attorney[23] before accepting the appellant's pleas of guilty.

The transcript of the submission hearing must establish on its face that the trial court substantially complied with the mandates of Rule 11, Tennessee Rules of Criminal Procedure, the teachings of State v. Mackey,[24] and Boykin v. Alabama.[25] However, these authorities do not describe the precise nature and extent of the colloquy that must appear on the face of the transcript before the trial court can accept the pleas of guilty. As this Court said in Chamberlain v. State:

> Neither Boykin nor Rule 11 describes the nature and extent of the colloquy that must appear on the face of the transcript before the trial judge can accept the defendant's plea. It is clear, however, that the explanations given by the trial judge and the inquiries he must make need not assume "any predetermined, ritualistic form" or a "particular litany". [sic] Nor is a "catechism" of the constitutional rights waived by

---

[17]State v. Mackey, 553 S.W.2d 337, 341-42 (Tenn. 1977).

[18]Mackey, 553 S.W.2d at 341.

[19]State v. McClintock, 732 S.W.2d 268, 273 (Tenn. 1987).

[20]Tenn. R. Crim. P. 11(f); Chamberlain v. State, 815 S.W.2d 534, 539 (Tenn. Crim. App. 1990); see United States v. Goldberg, 862 F.2d 101, 104 (6th Cir. 1988).

[21]Tenn. R. App. P. 11(d); Chamberlain, 815 S.W.2d at 539.

[22]Mackey, 553 S.W.2d at 341.

[23]Tenn. R. Crim. P. 11(d); Chamberlain, 815 S.W.2d at 539.

[24]553 S.W.2d 337 (Tenn. 1977).

[25]395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

7

the entry of a guilty plea required. . . .

No court can formulate a precise procedure or standard that must be used in every case. The nature of the offense, the punishment for the offense, and the intellectual level of the defendant will vary from case to case. However, a trial judge should ask a sufficient number of questions to ensure that the defendant understands and appreciates the effect of his plea and the defendant is entering the plea freely and voluntarily. . . .[26]

If the transcript of the submission hearing does not show compliance with Rule 11, Boykin, Mackey, and McClintock, or that the defendant was aware of his or her rights through other means,[27] the transcript will not establish that the guilty pleas were voluntarily, understandingly, and intelligently entered. When this occurs, an appellate court must find that the pleas of guilty do not pass constitutional muster, set aside the pleas of guilty and sentences, and remand the cases to the trial court for further proceedings.[28]

In the case sub judice, the trial court complied with the requirements of Rule 11, Tennessee Rules of Criminal Procedure, Boykin, Mackey and McClintock. This Court must now determine whether the pleas entered by the appellant pass constitutional muster.

C.

The United States Supreme Court has ruled that a guilty plea must be voluntarily, understandingly, and intelligently entered to pass constitutional muster.[29] In North Carolina v. Alford,[30] the Supreme Court said that "[t]he standard was and remains whether the plea

---

[26]815 S.W.2d at 540 (footnotes omitted).

[27]See State v. Neal, 810 S.W.2d 131, 139 (Tenn. 1991); Chamberlain, 815 S.W.2d at 541.

[28]See, e.g., Boykin v. Alabama, 395 U.S. at 244, 89 S.Ct. at 1713, 23 L.Ed.2d at 280; Wills v. State, 859 S.W.2d 308, 309-10 (Tenn. 1993); Mackey, 553 S.W.2d at 341-42; Chamberlain, 815 S.W.2d at 540; Ledford v. State, 708 S.W.2d 419, 420-21 (Tenn. Crim. App. 1985), per. app. denied (Tenn. 1986); State v. Miller, 634 S.W.2d 615, 617-18 (Tenn. Crim. App. 1981).

[29]Brady v. United States, 397 U.S. 742, 747, n.4, 90 S.Ct. 1463, 1468, n.4, 25 L.Ed.2d 747, 756 n.4 (1970) ("[t]he requirement that a plea of guilty must be intelligent and voluntary to be valid has long been recognized"); Boykin, 395 U.S. at 244, 89 S.Ct. at 1713, 23 L.Ed.2d at 280 (pleas of guilty must be "voluntarily and understandingly entered").

[30]400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."[31]  In this jurisdiction, our Supreme Court has said in this regard:  "It is recognized in this State, as in all jurisdictions, that a plea of guilty must be made voluntarily and with full understanding of its consequences."[32]  This standard is also applied when the accused pleads guilty because it is in his or her best interest.[33]

In determining whether a plea of guilty was voluntarily, understandingly, and intelligently entered, this Court, like the trial court, must consider all of the relevant circumstances that existed when the plea was entered.[34]  In Cochran v. Norvell[35] the Sixth Circuit Court of Appeals said that "a reviewing court may look to any relevant evidence in the record of the proceedings -- including post-conviction proceedings -- to determine the voluntariness of a guilty plea."[36]  In short, whether an accused's plea of guilty was voluntarily, understandingly, and knowingly entered is to be determined based upon the totality of the circumstances.[37]

In the case sub judice, the appellant's pleas of guilty were voluntarily, understandingly, and intelligently entered.  The totality of the circumstances surrounding the entry of the pleas of guilty, the history of this case, the transcript of the submission hearing, and the documents executed by the appellant support this conclusion.  The only

---

[31]400 U.S. at 31, 91 S.Ct. at 164, 27 L.Ed.2d at 168.

[32]State ex rel. Barnes v. Henderson, 220 Tenn. 719, 727, 423 S.W.2d 497, 501 (1968); see Wills v. State, 859 S.W.2d 308, 309 (Tenn. 1993) ("to be valid, a defendant's guilty plea must be entered freely and voluntarily"); Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) ("the core requirement of Boykin is 'that no guilty plea be accepted without an affirmative showing that it was intelligent and voluntary'"); State v. Montgomery, 840 S.W.2d 900, 903 (Tenn. 1992) ("[t]he facts presented in this case do not meet the requirement that a knowing and voluntary plea includes the intentional relinquishment or abandonment of known rights"); Johnson v. State, 834 S.W.2d 922, 923 (Tenn. 1992) ("[t]he due process provision of the federal constitution requires that pleas of guilty be knowing and voluntary").

[33]See North Carolina v. Alford, 400 U.S. 25, 37-8, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171-72 (1970).

[34]Brady, 397 U.S. at 749, 90 S.Ct. at 1469, 25 L.Ed.2d at 757.

[35]446 F.2d 61 (6th Cir. 1971).

[36]446 F.2d at 63.

[37]Sparks v. Sowders, 852 F.2d 882, 885 (6th Cir. 1988); Caudill v. Jago, 747 F.2d 1046, 1050 (6th Cir. 1984); Brown v. Perini, 718 F.2d 784, 786 (6th Cir. 1983); Chamberlain, 815 S.W.2d at 542.

reason the appellant sought to have his pleas withdrawn was his dissatisfaction with the sentences imposed by the trial court.[38] This Court will now address the practical and legal effect of a plea of guilty.

## D.

The entry of a plea of guilty, which is voluntarily, understandingly, and intelligently entered, constitutes a waiver of all procedural and constitutional defects in the proceedings that occurred prior to the entry of the plea.[39] In State ex rel. Wyatt v. Henderson, this Court said:

> The rule has long been firmly established and settled that a plea of guilty, understandingly and voluntarily entered on the advice of counsel, constitutes an admission of all facts alleged and a waiver of all non-jurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding.[40]

---

[38]The appellant stated in the affidavit he executed and attached to his pro se motion to withdraw his pleas: "Had I known that the judge was going to impose such a stiff sentence as 45 years, which counsel assured me that the judge would not be of any such intentions to do so, I would have never entered guilty pleas to the herein mentioned indicted offenses." (Counsel who represented the appellant at the submission hearing emphatically denied ever telling the appellant that either (a) he could withdraw his pleas if the sentences exceeded twenty-five years or (b) the trial court would not set a sentence in excess of twenty-five years).

[39]Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602,1608, 36 L.Ed.2d 235, 243 (1973); McMann v. Richardson, 397 U.S. 759, 766, 90 S.Ct. 1441, 1446, 25 L.Ed.2d 763, 770 (1970); Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468-69, 25 L.Ed.2d 747, 756 (1970); McCord v. Henderson, 384 F.2d 135, 136 (6th Cir. 1967); State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984); Patterson v. State, 684 S.W.2d 110, 111 (Tenn. Crim. App. 1984); Donaldson v. Rose, 525 S.W.2d 853, 856 (Tenn. Crim. App.), cert. denied (Tenn. 1975), Oliver, J., concurring; Garrett v. State, 534 S.W.2d 325, 328 (Tenn. Crim. App. 1975), cert. denied (Tenn. 1976); Beaty v. Neil, 4 Tenn. Crim. App. 86, 93, 467 S.W.2d 844, 847-48, cert. denied (Tenn. 1971); Little v. State, 4 Tenn. Crim. App. 175, 177, 469 S.W.2d 537, 538, cert. denied (Tenn. 1971); Tidwell v. Henderson, 2 Tenn. Crim. App. 415, 416-17, 454 S.W.2d 185, 186, cert. denied (Tenn. 1970); Ingram v. Henderson, 2 Tenn. Crim. App. 372, 379-80, 454 S.W.2d 167, 170-71, cert. denied (Tenn. 1970); State ex rel. Wyatt v. Henderson, 2 Tenn. Crim. App. 288, 295, 453 S.W.2d 434, 438 (1969), cert. denied (Tenn. 1970); Bland v. State, 2 Tenn. Crim. App. 77, 81, 451 SW.2d 699, 701 (1969), cert. denied (Tenn. 1970); McFerren v. State, 1 Tenn. Crim. App. 688, 692-93, 449 S.W.2d 724, 725-26 (1969), cert. denied (Tenn. 1970); State ex rel. Lawrence v. Henderson, 1 Tenn. Crim. App. 199, 210, 433 S.W.2d 96, 101, cert. denied (1968); State ex rel. George v. Henderson, 1 Tenn. Crim. App. 142, 152, 432 S.W.2d 492, 496, cert. denied (Tenn. 1968).

[40]2 Tenn. Crim. App. at 295, 453 S.W.2d at 438 (citations omitted).

The appellate courts of this State have held that such issues as (a) the voluntariness of a confession,[41] (b) an unreasonable search and seizure,[42] (c) the denial of a preliminary hearing,[43] (d) the systematic exclusion of a particular race or gender from the grand jury that returned the indictment against the accused,[44] (e) the placing of a letter on the face of the indictment indicating the accused's race,[45] and (f) the systematic exclusion of a particular race or gender from the panel of prospective jurors[46] are waived when the accused enters a guilty plea that passes constitutional muster. Of course, there are many additional issues that may be waived by a plea of guilty.

This Court must now address the propriety of withdrawing a plea of guilty after an accused has been sentenced.

## E.

The withdrawal of a plea of guilty is governed by Rule 32(f), Tennessee Rules of Criminal Procedure. This rule states:

> A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw his plea.

The rule creates two standards for determining whether an accused should be permitted to withdraw a plea of guilty. The proper standard to be applied by the trial court depends upon when the accused files the motion to withdraw the plea. When the motion is filed

---

[41]Ingram, 2 Tenn. Crim. App. at 378-79, 454 S.W.2d at 170; McFerren, 1 Tenn. Crim. App. at 692, 449 S.W.2d at 726.

[42]Ingram, 2 Tenn. Crim. App. at 378-79, 454 S.W.2d at 170.

[43]Bland, 2 Tenn. Crim. App. at 79-81, 451 S.W.2d at 700-01.

[44]Bland, 2 Tenn. Crim. App. at 79-81, 451 S.W.2d at 700-01.

[45]State ex rel. Edmondson v. Henderson, 220 Tenn. at 610-11, 421 S.W.2d at 637-38.

[46]Ingram, 2 Tenn. Crim. App. at 376-79, 454 S.W.2d at 169-70; McFerren, 1 Tenn. Crim. App. at 692, 449 S.W.2d at 725-26.

prior to the imposition of sentence, the standard to be applied is "a fair and just reason." When the motion is filed after the imposition of sentence, the standard to be applied is "manifest injustice." In this case, the appellant filed the motion to withdraw his pleas of guilty after he was sentenced. Therefore, the "manifest injustice" standard is applicable to the facts in this case.[47]

**(1)**

The term "manifest injustice" is not defined by either the rule or the cases that have applied the rule. Whether there has been "manifest injustice" must be determined by the trial courts and the appellate courts on a case by case basis.

A trial court may permit the withdrawal of a plea of guilty to prevent "manifest injustice" when it is established that the plea was entered due to (a) "coercion, fraud, duress or mistake,"[48] (b) "fear,"[49] (c) a "gross misrepresentation" made by the district attorney general, or an assistant,[50] (d) the district attorney general, or an assistant, withholds material, exculpatory evidence, which influences the entry of the plea,[51] or the plea of guilty was not voluntarily, understandingly, or knowingly entered. Conversely, a trial court will not, as a general rule, permit the withdrawal of a plea of guilty to prevent "manifest injustice" when the basis of the relief is predicated upon (a) an accused's "change of heart,"[52] (b) the entry of the plea to avoid harsher punishment,[53] or (c) an accused's dissatisfaction with the harsh punishment imposed by a trial court or a jury.[54]

The accused has the burden of establishing that the plea of guilty should be

---

[47]See State v. Davis, 823 S.W.2d 217, 219-20 (Tenn. Crim. App. 1991).

[48]Capri Adult Cinema v. State, 537 S.W.2d 896, 898 (Tenn. 1976).

[49]Swang v. State, 42 Tenn. (Cold.) 212, 213-14 (1865).

[50]Swang, 42 Tenn. at 214-15.

[51]Davis, 823 S.W.2d at 220.

[52]Ray v. State, 224 Tenn. 164, 170, 451 S.W.2d 854, 856 (1970).

[53]Capri Adult Cinema, 537 S.W.2d at 898.

[54]See Henning v. State, 184 Tenn. 508, 511-13, 201 S.W.2d at 669, 670-71 (1947).

12

withdrawn to prevent "manifest injustice."[55]  In determining whether the accused has carried this burden, the trial court must determine whether the accused and any witnesses presented to establish this standard are credible.

**(2)**

An accused is not entitled to withdraw a plea of guilty as a matter of right.[56] Whether the accused should be permitted to withdraw a plea of guilty is a question that is addressed to the sound discretion of the trial court regardless of when the motion is filed.[57] An appellate court will not interfere with the exercise of this discretion unless clear abuse appears on the face of the record.[58]

This Court must now address the grounds raised by the appellant for the withdrawal of his pleas of guilty.

**F.**

The appellant asserts several reasons why he should be permitted to withdraw his pleas of guilty.  He argues that his medical problems, his lack of understanding of the elements of aggravated kidnapping, the trial court's lack of jurisdiction to accept a plea to accessory before the fact to murder second, and the requirement that he forfeit credit for time served either individually or collectively rendered his pleas of guilty involuntary.  He concludes that the trial court abused its discretion by denying his motion to withdraw his pleas.

---

[55]United States v. Washington, 341 F.2d 277, 281 (3rd Cir.), cert. denied, 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89 (1965).

[56]State v. Anderson, 645 S.W.2d 251, 253-54 (Tenn. Crim. App. 1982); 8A Moore's Federal Practice § 32.09[1] at p.32-87 (1991 Revision).  In Anderson this Court said: "A defendant does not have the unilateral right to withdraw a guilty plea once submitted where the plea had been voluntarily and intelligently made."  645 S.W.2d at 254.

[57]Henning, 184 Tenn. at 513, 201 S.W.2d at 671; State v. Drake, 720 S.W.2d 798, 799 (Tenn. Crim. App.), per. app. denied (Tenn. 1986); Anderson, 645 S.W.2d at 254.

[58]Henning, 184 Tenn. at 513, 201 S.W.2d at 671;  Drake, 720 S.W.2d at 799; Anderson, 645 S.W.2d at 254.

13

The appellant contends that he was suffering from "several serious medical problems, many of which inhibited his ability to knowledgeably and intelligently review his plea bargaining options." The record does not support this contention.

The appellant apparently suffered from high blood pressure. This was treated with medication; and he was receiving this medication while he was confined to the Davidson County Jail. He also suffered from arthritis and bursitis in his right arm and shoulder. He was given a muscle relaxant for the pain created by this condition. On January 18, 1993, he was referred to the Metropolitan General Hospital for what was later diagnosed as pneumonia and conjunctivitis. He was given medication for these conditions.

The attorney who represented the appellant prior to and during the submission hearing refuted this contention. The attorney stated during the hearing on the motion to withdraw the pleas: "[H]e was usually okay but not, you know, not in top condition." According to the attorney, the appellant's condition was "common with people. . .in the jail who have been there for a while." The attorney made it clear that the appellant was mentally competent and had the clearness of mind to consider the offers of settlement as well as enter the pleas of guilty.

The appellant testified that he was motivated to enter pleas of guilty due to his physical condition and he wanted to leave the jail "one way or another." However, this testimony was in direct conflict with the sworn statements he made during the submission hearing. The following colloquy occurred during the submission hearing:

> THE COURT: Anybody brought any pressure on you or threatened you in any way to make you plead guilty against your will?
>
> THE DEFENDANT: Well, not directly, Your Honor. Health concerns enter into it in my mind somewhat of staying where I am. It's just a note.
>
> THE COURT: Well, what do you mean by that?
>
> THE DEFENDANT: Well, I've had pneumonia since I've been there, and I've been sick more than I was my previous thirty years, so I really would like to leave there.
>
> THE COURT: Are you telling me that's why you're pleading

guilty?

THE DEFENDANT: No, Your Honor, that's not my primary [reason], but that is one I wanted to express.

THE COURT: Well, why are you pleading guilty?

THE DEFENDANT: Because I believe it's in my best interest at this point.

THE COURT: Other than your health problems that you've talked about, why else is it in your best interest?

THE DEFENDANT: I believe the State can present evidence which a jury might, in my mind, find me guilty because they did before.

It is obvious that the appellant's physical condition did not inhibit "his ability to knowledgeably and intelligently review his plea bargaining options."[59] The ailments outlined in the record are common. All of the conditions are treatable with medication. Moreover, the evidence suggests that the medication the appellant was taking had no effect upon his mental faculties. Therefore, this ground is baseless.

**(2)**

The appellant contends that he did not understand the elements of aggravated kidnapping. First, this issue was neither raised nor litigated in the trial court. It has been raised for the first time on appeal. Second, the record does not support this ground.

This issue has been waived. A party may not raise an issue for the first time in the appellate court.[60] However, this Court will consider the issue on the merits.

The appellant was tried and convicted of two counts of aggravated kidnapping. He was present in the courtroom when the trial court instructed the jury on the elements of this offense. When the appellant entered the pleas of guilty, the following colloquy took place between the appellant and the trial court:

THE COURT: Mr. Turner, have you gone over these charges,

---

[59]See Berndt v. State, 733 S.W.2d 119 (Tenn. Crim. App.), per. app. dismissed (Tenn. 1987).

[60]Lawrence v. Stanford, 655 S.W.2d 927, 929-30 (Tenn. 1983); State v. Davis, 751 S.W.2d 167, 171 (Tenn. Crim. App.), per. app. denied (Tenn. 1988).

the two aggravated kidnapping as well as now the amended charge of accessory before the fact of second degree murder with your attorney?

THE DEFENDANT: Yes, Your Honor, I have.

THE COURT: Have you discussed with him in detail the facts upon which these charges are based?

THE DEFENDANT: Yes, Your Honor.

THE COURT: I know we've been through this before. In fact, we've been through a whole trial before, so probably the answer to some of my questions are self-evident, but I'm charged by law to go through these questions with you so we'll go through them. So you had no questions whatsoever about these charges against you?

THE DEFENDANT: No, sir, I don't think so.

When the trial court asked him about the facts related by the assistant district attorney general, the appellant applied the facts to the aggravated kidnapping cases. This application shows that the appellant was versed in the elements of this offense.

In the "Petition to Enter Plea of Guilty," the appellant stated:

3. I received a copy of the indictment or information, which states the charge(s) against me, before I was required to plead to the charge(s). I have read and discussed the indictment or information with my attorney.

**********

5. My lawyer has told me and I understand the definitional elements of the crime(s) I am charged with; that is, my lawyer has explained to me what the State has to prove beyond a reasonable doubt to convict a person of the offense(s).

**********

Thus, I believe I presently understand every charge against me. (emphasis added).

The appellant signed the petition. Attached to the petition is a "Certificate of Defendant's Counsel," which was executed by counsel. The certificate states (a) the information contained in the petition was true and accurate and (b) he had read and discussed the content with the appellant "in its entirety."

The appellant was asked about the petition during the submission hearing. The following colloquy occurred between the appellant and the trial court:

THE COURT: Now, you have submitted a written petition to enter a plea of guilty, and you signed that petition. Did you

16

carefully read the petition?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Go over it with your attorney?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Did you understand everything you read?

THE DEFENDANT:  I believe so.

THE COURT:  Any questions about it?

THE DEFENDANT:  No.

This ground is also baseless.  The appellant admitted counsel had explained the elements of the offense of aggravated kidnapping to him, the state had to prove these elements beyond a reasonable doubt, and he understood the elements of the offense of aggravated kidnapping.  The trial court asked the appellant about the petition and its contents, and the appellant said that he understood the allegations contained in the petition.  Counsel executed a certificate stating that he covered the content of the petition with the appellant in detail.  Moreover, the appellant was able to relate the facts to the elements of this offense after the assistant district attorney general stated what the state would prove if the case had gone to trial.

## (3)

The appellant contends that "[t]he trial court was arguably without jurisdiction to accept [his] plea as an accessory before the fact to second degree murder, in that there is no showing that any murder took place within Davidson County." First, this issue was not litigated in the trial court. It has been raised for the first time on appeal. Second, the appellant does not state where these facts can be found in the record. Third, the record does not support this ground.

This issue has been waived. The appellant does not tell this Court where the facts which establish that the trial court did not have jurisdiction of the murder case can be found in the record.[61] Also, a party may not raise an issue for the first time in the appellate court.[62] However, since it may be argued that venue raises a jurisdictional issue,[63] and this Court is required to determine whether a trial court has jurisdiction of a particular controversy,[64] this issue will be considered on the merits.

The indictment returned by the Davidson County Grand Jury states that the murder was committed in Davidson County. The transcript of the prior trial is not contained in the record. The statement of the facts made during the submission hearing does not establish that the murder occurred outside of Davidson County. Consequently, this ground is baseless as well.

---

[61]Tenn. R. App. P. 27(a)(7) and (g); Tenn. Ct. Crim. App. Rule 10(b); see State v. Killebrew, 760 S.W.2d 228, 233 (Tenn. Crim. App.), per. app. denied (Tenn. 1988); State v. Gilbert, 751 S.W.2d 454, 462 (Tenn. Crim. App.), per. app. denied (Tenn. 1988); State v. Moore, 713 S.W.2d 670, 675-76 (Tenn. Crim. App. 1985), per. app. denied (Tenn. 1986).

[62]Lawrence v. Stanford, 655 S.W.2d 927, 929-30 (Tenn. 1983); State v. Davis, 751 S.W.2d 167, 171 (Tenn. Crim. App.), per. app. denied (Tenn. 1988).

[63]See State v. Hill, 847 S.W.2d 544, 545 (Tenn. Crim. App. 1992).

[64]Tenn. R. App. P. 13(b); see State v. Seagraves, 837 S.W.2d 615, 617-18 (Tenn. Crim. App.), per. app. denied (Tenn. 1992); Scales v. Winston, 760 S.W.2d 952, 953 (Tenn. Ct. App.), per. app. denied (Tenn. 1988).

**(4)**

The appellant contends that he was entitled to credit for jail time previously served for the offenses alleged in the indictment. He argues that the denial of this right is violative of the Double Jeopardy Clause contained in the United States Constitution and the Tennessee Constitution.

In North Carolina v. Pearce[65] the United States Supreme Court held that when an accused has his or her conviction set aside after serving time in jail and the accused is subsequently convicted of the same or a lesser included offense, the Double Jeopardy Clause requires that the accused be given credit for the time spent in jail before the initial conviction was set aside. The Court said:

> We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully "credited" in imposing sentence upon a new conviction for the same offense. If, upon a new trial, the defendant is acquitted, there is no way the years he spent in prison can be returned to him. But if he is reconvicted, those years can and must be returned -- by subtracting them from whatever new sentence is imposed.[66]

In this jurisdiction, it is statutorily required that an accused be given credit for time spent in jail prior to conviction.[67]

In the context of this case, this question is moot. The appellant selected the plea bargain agreement that did not impair his right to credit for the time he spent in jail before he was convicted following his pleas of guilty. Moreover, the trial court ordered that the appellant's sentences be credited with the time spent in jail.

If this issue was not moot, the appellant would not be entitled to relief from his pleas of guilty on this ground. The assistant district attorney general was not required to make an offer of settlement. Moreover, it was permissible for the assistant district attorney general to make acceptance of the twenty-five year offer of settlement contingent upon the

---

[65]395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

[66]395 U.S. at 718-19, 89 S.Ct. at 2077, 23 L.Ed.2d at 665-66 (footnote omitted).

[67]Tenn. Code Ann. § 40-23-101(b); see Marsh v. Henderson, 221 Tenn. 42, 424 S.W.2d 193 (1968); Stubbs v. State, 216 Tenn. 567, 575-76, 393 S.W.2d 150, 154 (1965).

19

appellant forfeiting his right to credit for the time he had previously served.

A plea bargain agreement is not a unilateral undertaking on the part of the state. The accused may be required to make concessions if he or she desires to accept the offer.[68] In State v. Mahler the Tennessee Supreme Court held that an accused can bargain to plead guilty to an enhanced range of punishment although he does not qualify for sentencing within the range.  If the accused accepts the offer and pleads guilty, the sentence is valid and enforceable.[69]  In this case, the right to credit for confinement prior to the present conviction was personal to the appellant, and he had the right, if he wanted to accept the offer, to waive his right to the credit.

In summary, the state's offer of twenty-five years was valid.  The appellant was not required to accept the offer. In fact, the appellant rejected this offer and accepted the alternate offer.  The offer certainly did not render the appellant's pleas of guilty involuntary.

## II.

The appellant contends that the trial court "incorrectly applied the law in determining that the State rebutted the presumption of unconstitutional prosecutorial vindictiveness." The state argues that this issue was waived when the appellant entered his pleas of guilty. The state further argues that this issue cannot be raised in an appeal as of right.  In his reply brief, the appellant asserts that he is entitled to appellate review of this issue pursuant to Rule 3(b), Tennessee Rules of Appellate Procedure, and Rule 37(b)(iii), Tennessee Rules of Criminal Procedure.

---

[68]See State v. Mahler, 735 S.W.2d 226 (Tenn. 1987);  Mintz v. State, 808 S.W.2d 459, 462 (Tenn. Crim. App. 1990), per. app. denied (Tenn. 1991);  Brooks v. State, 756 S.W.2d 288, 291 (Tenn. Crim. App.), per. app. denied (Tenn. 1988).

[69]Mahler, 735 S.W.2d at 228.

Prior to the enactment of the Tennessee Rules of Appellate Procedure and the Tennessee Rules of Criminal Procedure, an accused, as a general rule, could not appeal following the entry of a guilty plea.[70] In McInturff v. State our Supreme Court said:

> [I]t is axiomatic that the defendant, having confessed judgment for the fine and costs, had no right to appeal. . .because no one can appeal either in a criminal or a civil case from a verdict on a plea of guilty or a judgment based upon confession of liability. Therefore, the attempted appeal was a complete nullity and could by no means have any effect upon the status of the defendant who had secured his release as a matter of right by taking advantage of the absolute right provided him. . . .[71]

There were few exceptions to this common law rule.

As time progressed, it was recognized that a limited right to appeal following the entry of a plea of guilty or nolo contendere could prevent the necessity of a trial while simultaneously protecting an accused's right to appellate review of dispositive issues and issues that were not waived by the entry of such a plea.[72] When the Tennessee Rules of Criminal Procedure were enacted in 1978 and the Tennessee Rules of Appellate Procedure were enacted in 1979, provisions were made for appeals of right following the entry of a plea of guilty or nolo contendere.

Rule 37(b)(2), Tenn. R. Crim. P., provides:

> An appeal lies from any order or judgment in a criminal proceeding when the law provides for such appeal, and from any judgment of conviction:
>
> **********
>
> (2) Upon a plea of guilty or nolo contendere if:

---

[70]See Capri Adult Cinema v. State, 537 S.W.2d 896, 899 (Tenn. 1976) ("ordinarily there can be no appeal from a plea of guilty"); Ray v. State, 224 Tenn. 164, 167-71, 451 S.W.2d 854, 855-56 (1970); McInturff v. State, 207 Tenn. 102, 106, 338 S.W.2d 561, 563 (1960); Patterson v. State, 684 S.W.2d 110, 111 (Tenn. Crim. App. 1984); Roe v. State, 584 S.W.2d 257, 259 (Tenn. Crim. App.), cert. denied (Tenn. 1979); Ingram v. Henderson, 2 Tenn. Crim. App. 372, 381, 454 S.W.2d 167, 171, cert. denied (Tenn. 1970); McFerren v. State, 1 Tenn. Crim. App. 688, 693, 449 S.W.2d 724, 726 (1969), cert. denied (Tenn. 1970).

[71]207 Tenn. at 106, 338 S.W.2d at 563.

[72]See Committee Comments to Tenn. R. App. P. 3(b) and Tenn. R. Crim. P. 37.

(i) defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the State and of the court the right to appeal a certified question of law that is dispositive of the case; or

(ii) defendant seeks review of the sentence set and there was no plea agreement under Rule 11(e); or

(iii) the error(s) complained of were not waived as a matter of law by the plea of guilty or nolo contendere, or otherwise waived, and if such errors are apparent from the record of the proceedings already had; or

(iv) defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case.

Rule 3(b), Tenn. R. App. P., which is predicated upon Rule 37(b), states:

In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved with the consent of the state and the trial court the right to appeal a certified question of law dispositive of the action, or if the defendant seeks review of his sentence and there was no plea agreement concerning his sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had.

The appellant did not attempt to comply with the mandatory requirements of Rule 37(b)(2)(i) or (iv), Tenn. R. Crim. App.[73]  Therefore, the question that this Court must resolve is whether the appellant may litigate this issue pursuant to 3(b), Tenn. R. App. P., or Rule 37(b)(2)(iii), Tenn. R. Crim. P.

### B.

Before an accused can litigate an issue on appeal under the guise of Rule 3(b), Tenn. R. App. P., or Rule 37(b)(2)(iii), Tenn. R. Crim. P., the accused must establish that (a) the plea of guilty or nolo contendere entered by the accused did not result in a waiver

---

[73]See State v. Preston, 759 S.W.2d 647 (Tenn. 1988); State v. Bowlin, 871 S.W.2d 170 (Tenn. Crim. App. 1993); Patterson v. State, 684 S.W.2d 110 (Tenn. Crim. App. 1984).

of the issue and (b) the facts supporting the issue are apparent on the face of the record memorializing the proceedings in the trial court. The Committee Comment accompanying Tenn. R. Crim. P. 37(b)(2)(iii) states that this remedy "will apply in cases where guilt was not contested but the record clearly reflects an invalidating error, such as the clear denial of the right to counsel or a conviction under an invalid statute. . . ." The object of this remedy is to promote judicial economy by correcting fundamental constitutional defects in the proceedings rather than have the parties litigate the issue in a suit for post-conviction relief.[74]

This Court concludes that the appellant may not litigate this issue pursuant to Rule 3(b), Tenn. R. App. P., or Rule 37(b)(2)(iii), Tenn. R. Crim. P. First, the issue of prosecutorial vindictiveness, whether it is framed in the manner advanced by the appellant or the state, was waived when the appellant entered the pleas of guilty to the offenses in question.[75] In State v. Wilkes,[76] this Court said:

> In its brief, the defendant insists that this appeal is pursuant to T.R.Cr.P. Rule 37(b)(2)(iii) and not 37(b)(2)(i). This argument overlooks the fact that a valid guilty plea is an admission of all facts alleged and is a waiver of all non-jurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding. . . . Rule 37(b)(2)(iii) does not permit an appeal of matters waived as a matter of law by the guilty plea. We think that the committee comments to the rule are correct.[77]

Second, this rule was not designed to remedy the type of error that has been raised by the appellant. The trial court heard evidence, determined the credibility of the witnesses testifying at the hearing, and applied legal principles in reaching its decision. This is a far cry from the clear denial of a basic constitutional right such as the right to counsel or a conviction pursuant to a statute that is obviously unconstitutional.[78] Therefore, this issue

---

[74]See Tenn. R. Crim. P. 37(b)(2) Committee Comments.

[75]See United States v. Taylor, 814 F.2d 172, 174 (5th Cir.), cert. denied, 484 U.S. 865, 108 S.Ct. 186, 98 L.Ed.2d 138 (1987); United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir. 1986).

[76]684 S.W.2d 663 (Tenn. Crim. App. 1984).

[77]684 S.W.2d at 667 (citation omitted).

[78]Committee Comment to Tenn. R. Crim. P. 37(b)(2).

will not be considered by this Court.

III.

The defendant contends that the sentence imposed by the trial court was excessive. Although the offenses in question were committed in March of 1980, he argues that he should have been sentenced pursuant to the Tennessee Criminal Sentencing Reform Act of 1989 rather than the punishment in effect when the offenses were committed. He asserts that the exclusion contained in Tenn. Code Ann. § 40-35-117(c) is unconstitutional.

Both the 1982 and 1989 Criminal Sentencing Reform Acts excluded application of the Acts to crimes that occurred prior to July 1, 1982. The 1982 Act provided:

> All persons who commit crimes on or after July 1, 1982, shall be tried and sentenced under this chapter. For all persons who committed crimes prior to July 1, 1982, the prior law shall apply and shall remain in full force and effect in every respect, including but not limited to sentencing, parole and probation.[79]

Similar language is contained in the 1989 Act:

> For all persons who committed crimes prior to July 1, 1982, prior law shall apply and remain in full force and effect in every respect, including, but not limited to, sentencing, parole and probation.[80]

The Commission Comments accompanying this provision in the 1989 Act explain why offenses committed prior to July 1, 1982, are treated differently than offenses committed after the effective date of the 1982 Act. The Commission Comments state:

> Subsection (c) provides that crimes committed prior to July 1, 1982 must be tried and sentenced under the law as it existed prior to that date. Offenses that occurred prior to July 1, 1982, were treated under the very different indeterminate jury sentencing structure. Due to the radical change in sentencing procedures, the commission believed that it was appropriate to retain prior law as to those few cases left in that category.

This Court has previously held that an accused who committed an offense prior to

---

[79]Tenn. Code Ann. § 40-35-112(a) (Repl. 1982).

[80]Tenn. Code Ann. § 40-35-117(c).

24

July 1, 1982, but sentenced after the effective date of the 1982 Act was not entitled to be sentenced pursuant to the 1982 Act.[81]  This meant that the accused in these cases were subject to the pre-Act punishment, a jury, not the judge, was to set the sentence, and the indeterminate sentencing scheme that existed prior to the effective date of the Act was applicable.[82]

The Tennessee General Assembly has the exclusive authority to designate what conduct is prohibited and the punishment for that conduct.  As a corollary, the General Assembly had the authority to provide that crimes committed prior to July 1, 1982, would be exempted from both the 1982 and the 1989 Acts.  Moreover, the General Assembly did not violate any constitutional right guaranteed to the appellant, or any other citizen, by exempting crimes committed prior to July 1, 1982, from both Acts.

Whether this Court makes an analysis based upon the strict scrutiny test, as the appellant suggests, or the rational basis test, as the state suggests, the results will be the same.  The appellant's right to Due Process was not violated by the imposition of a sentence based upon the law and punishment that existed when he committed the offense.

This Court has reviewed the appellant's sentences pursuant to applicable law. These sentences are not excessive given the circumstances of the offenses and the evidence adduced at the sentencing hearing.

This issue is without merit.


_____
JOE B. JONES, JUDGE



CONCUR:



_____
JERRY SCOTT, PRESIDING JUDGE


_____

[81]See   State v. Harris, 678 S.W.2d 473, 476-77 (Tenn. Crim. App.), per. app. denied (Tenn. 1984);  State v. Carter, 669 S.W.2d 707, 708 (Tenn. Crim. App.), per. app. denied (Tenn. 1984).

[82]Harris, 678 S.W.2d at 476-77; Carter, 669 S.W.2d at 708.

_____
      PAUL G. SUMMERS, JUDGE