# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### OCTOBER 1998 SESSION

FILED

November 4, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9709-CR-00426 |
| Appellee, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. CHERYL BLACKBURN, |
| ROY DALE McGRIFF, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Motion to Withdraw Guilty Plea) |

**FOR THE APPELLANT:**

**ROBERT J. MENDES (AT HEARING)**
Cummins Station, Ste. 507
209 Tenth Avenue, South
Nashville, TN 37203

**PETER D. HEIL (ON APPEAL)**
P. O. Box 40651
Nashville, TN 37204

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**VICTOR S. JOHNSON, III**
District Attorney General

**MARY CAMPBELL**
**GRADY MOORE**
Assistant Dist. Attorneys General
Washington Square, Ste. 500
222 Second Avenue, North
Nashville, TN 37201-1649

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**O P I N I O N**

The defendant, Roy Dale McGriff, appeals the trial court's order denying his motion to withdraw his guilty plea. After a careful review of the record, we affirm the judgment of the trial court.

**I.**

On the date defendant was scheduled for jury trial, defendant pled guilty to attempted robbery and two counts of resisting arrest. Pursuant to the plea agreement, he received concurrent sentences of four years for attempted robbery and six months for each offense of resisting arrest. Although the defendant stated he was not guilty of the offenses, he stated it was in his best interest to enter the guilty plea. The defendant was extensively questioned by the trial court concerning his plea.

Approximately one week after the plea, defendant filed a motion to withdraw the guilty plea. He alleged he was not competent to enter the plea and subsequently amended the motion alleging ineffective assistance of counsel led to his plea.

At the hearing on his motion, the defendant testified as to his dissatisfaction with the failure of his counsel to provide him with certain written documents. No further testimony was offered by the defendant relating to his motion to withdraw the guilty plea, and counsel stated he was relying upon the written motion.

The trial court noted that the guilty plea was voluntarily entered on the morning of trial with everyone prepared to go to trial. In fact, the jury was present awaiting to begin the trial. The trial court concluded that defendant had not proven withdrawal of the guilty plea was necessary to correct a "manifest injustice."

**II.**

A defendant may withdraw a guilty plea "to correct manifest injustice...after sentence, but before the judgment becomes final..." Tenn. R. Crim. P. 32(f). Upon entering a plea of guilty pursuant to a plea agreement in which the defendant

waived his right to appeal, the judgment became final on the date of entry of the plea. *See* Tenn. R. Crim. P. 37. Therefore, the motion to withdraw the guilty plea was untimely since it was filed after the judgment became final. *See* State v. Quentin L. Hall, C.C.A. No. 02C01-9802-CR-00040, Shelby County (Tenn. Crim. App. filed August 28, 1998, at Jackson). The only avenue available to a defendant in such a situation is through post-conviction proceedings. *See* Tenn. Code Ann. § 40-30-201 et seq.

Even if the motion were timely, we would grant no relief. A motion to withdraw a guilty plea addresses itself to the sound discretion of the trial court and will not be disturbed on appeal except upon a showing of an abuse of that discretion. State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). The defendant presented no evidence to support his allegation of a manifest injustice. The trial court did not abuse its discretion in denying the motion.

Accordingly, we affirm the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**JOSEPH M. TIPTON, JUDGE**