IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 28, 2014

## ROGER JOSEPH v. DAVID SEXTON, WARDEN

**Appeal from the Circuit Court for Bradley County**
**No. M-01-010     Amy Armstrong Reedy, Judge**

**No. E2013-02191-CCA-R3-HC - Filed February 12, 2014**

Roger Joseph ("the Petitioner") filed a petition for writ of habeas corpus, asserting, among other claims, that, due to mental illness, he could not have formed the requisite intent for first degree murder. The habeas corpus court dismissed his petition without a hearing. The Petitioner now appeals. After a thorough review of the record and the applicable law, we affirm the habeas corpus court's judgment dismissing the Petitioner's habeas corpus petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment**
**of the Circuit Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Roger Joseph, pro se, Mountain City, Tennessee, as the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; and Deshea Dulaney Faughn, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

On April 25, 2001, the Petitioner pleaded guilty to first degree murder, and the trial court sentenced the Petitioner to life imprisonment. On February 17, 2010, the Petitioner filed a pro se petition for post-conviction relief, claiming ineffective assistance of counsel and that his plea was invalid. The post-conviction court summarily dismissed the petition, concluding that the petition was untimely and that the Petitioner had filed a previous post-conviction petition. This Court affirmed the post-conviction court's summary dismissal. <u>See</u>

Roger Joseph v. State, No. E2010-01891-CCA-R3-PC, 2012 WL 187040, at *4 (Tenn. Crim. App. Jan. 23, 2012).

On March 12, 2013, the Petitioner filed for habeas corpus relief, claiming that he had been denied the right to counsel, due process, and equal protection with respect to his conviction for first degree murder. He also asserted that, due to mental illness, he could not have formed the requisite intent for first degree murder. The State filed a motion to dismiss the Petitioner's habeas corpus petition, and the habeas corpus court granted the State's motion on August 20, 2013. The Petitioner timely filed a notice of appeal.

## Analysis

The decision to grant habeas corpus relief is a question of law, and, thus, our Court's standard of review is de novo, with no presumption of correctness. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000); Killingsworth v. Ted Russell Ford, Inc., 205 S.W.3d 406, 408 (Tenn. 2006)).

Under the United States and Tennessee Constitutions, a convicted criminal enjoys the right to pursue habeas corpus relief. U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15. In Tennessee, however, this right has been governed by statute for over a century. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968); Tenn. Code Ann. § 29-21-101(a) (Supp. 2009) ("Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in subsection (b) and in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint.").

In Tennessee, the "grounds upon which habeas corpus relief will be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Moreover, "the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993)). On the other hand, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). A petitioner must prove that his or her judgment is void or sentence has expired by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

A habeas corpus court may dismiss a petition for habeas corpus relief summarily "[w]hen the habeas corpus petition fails to demonstrate that the judgment is void." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004) (citing Tenn. Code Ann. § 29-21-109 (2000); Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002)).

On appeal, the Petitioner first argues that "the appellate courts of Tennessee have misconstrued the habeas corpus statutes with the express purpose of denying state and federal constitutional guarantees." However, the Petitioner failed to raise this issue in his petition for habeas corpus relief. Accordingly, this issue is waived. See State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995) ("A party may not raise an issue for the first time in the appellate court."); Timmy Charles McDaniel v. David Sexton, E2012-01443-CCA-R3-HC, 2013 WL 1190813, at *7 (Tenn. Crim. App. Mar. 25, 2013) (concluding that the petitioner waived an issue on appeal by failing to raise it in his petition for habeas corpus relief).

The Petitioner also asserts that his mental illness prevented him from being able to form the mental state necessary for first degree murder. The State responds that the Petitioner's argument does not entitle him to habeas corpus relief. We agree with the State. The Petitioner's contention, even if true, at the most would result in a voidable, and not a void, judgment. As stated above, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529). Thus, the Petitioner has failed to establish that he is entitled to habeas corpus relief. Accordingly, the habeas corpus court did not err in summarily dismissing the petition.

## CONCLUSION

The Petitioner has not presented any claim which entitles him to habeas corpus relief. Accordingly, we affirm the habeas corpus court's order dismissing the Petitioner's claim for relief.

_____
JEFFREY S. BIVINS, JUDGE