IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2008

## STATE OF TENNESSEE v. VIRGIL SAMUELS

**Direct Appeal from the Circuit Court for Henry County**
**No. 13988     Donald E. Parish, Judge**

---

**No. W2007-02598-CCA-R3-CD  - Filed February 6, 2009**

---

Pursuant to a negotiated plea agreement, the defendant, Virgil Samuels, pled guilty to especially aggravated kidnapping, attempted first degree murder, and aggravated rape. The defendant received a total effective sentence of thirty-five years to be served as a violent offender. Thereafter, the defendant filed a motion to withdraw his guilty plea, alleging that he was coerced by counsel into pleading guilty. The trial court denied the motion, and this appeal followed. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which David H. Welles and Thomas T. Woodall, JJ., joined.

Paul D. Hessing, Paris, Tennessee, and for the appellant, Virgil Samuels.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Hansel J. McCadams, District Attorney General; and Beth C. Boswell Hall, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

The defendant was charged by indictment with kidnapping, especially aggravated kidnapping, attempted first degree murder, two counts of aggravated assault, and four counts of aggravated rape. On June 21, 2007, pursuant to a plea agreement, the defendant pled guilty to especially aggravated kidnapping, attempted first degree murder, and aggravated rape. In accordance with the plea agreement, the defendant was sentenced to a total effective sentence of thirty-five years to be served as a violent offender. Thereafter, the defendant filed a motion to withdraw his guilty plea, alleging that he was coerced into pleading guilty.

On August 31, 2007, a hearing on the defendant's motion was held. At the hearing, the defendant claimed that he was coerced into pleading guilty by his defense counsel. He claimed that counsel visited him at jail and he told counsel that he was not going to accept a plea and wanted to go to trial. Two days later, counsel returned and told the defendant about three cases with facts similar to his case where the defendants were found guilty and were unsuccessful on appeal. The defendant explained, "I felt like he was telling me that I didn't have a chance . . . ." The defendant then indicated that there were no other times that he felt coerced or threatened into pleading guilty.

The defendant also claimed that he did not get discovery materials until he pleaded guilty and did not have time to review the evidence against him. He noted that he sat in jail for a year and a half and only saw counsel three times. He also claimed that the most time he spent with counsel was when he pled guilty. He asserted that if he had received the discovery materials prior to pleading guilty, he would not have pled guilty.

On cross-examination, the defendant admitted that he pled guilty on Thursday, June 21, 2007. He recalled that on the previous Tuesday he told Lieutenant Steven Thomas Page of the sheriff's department that he was ready to plead guilty. The defendant further admitted that he had told counsel the day before that he wanted to go to trial and that counsel was preparing for trial. The defendant acknowledged that Lieutenant Page did not tell counsel about the defendant's wishes to plead guilty but told the district attorney's office. A district attorney then relayed the information to counsel, who in turn went to see the defendant. Counsel asked the defendant why he wanted to plead guilty, and the defendant responded that he "wanted to get it over with." Shortly thereafter, counsel informed the prosecution and the court that the defendant wanted to plead guilty.

The defendant also acknowledged that during his guilty plea, he was asked by the court if he had been forced, threatened, or intimidated into pleading guilty. He responded, "No, sir," which was a truthful answer at the time. The defendant asserted that in retrospect, he felt like he was coerced. The defendant acknowledged that he was present for the preliminary hearing and asked his counsel questions about the case against him. According to the defendant, counsel had advised him that he faced a punishment of ninety-nine years on six of his nine charges and that his remaining charges could also be run consecutively. Therefore, he could accept the plea offer of thirty-five years or face the possibility of serving over ninety-nine years imprisonment. The defendant said the risk of receiving ninety-nine years scared him.

Lieutenant Steven Thomas Page testified that he was the Chief Jail Administrator with the Henry County Sheriff's Department. He stated that he was present when the defendant entered his guilty plea. He recalled that a couple days earlier the defendant asked him how long it would take to get transferred to the state penitentiary if he took a plea offer. The defendant also insinuated that there would be some problems if he was not transferred soon. As a result, Lieutenant Page called the district attorney to make him aware of the defendant's statement for the purpose of "courtroom security."

The defendant's trial counsel testified that he was appointed to represent the defendant. He recalled that he was present when the defendant pled guilty. The defendant signed the Request for Acceptance of Plea of Guilty. Counsel said that he read the document to the defendant at the jail and

the defendant said he understood its terms and conditions. Counsel said that if the defendant had indicated he did not understand or disagreed with any part of the plea agreement, the plea would not have gone forward. Counsel said that he did not coerce, threaten, or intimidate the defendant into pleading guilty.

Counsel recalled that two days before the defendant pled guilty, he was in general sessions court with District Attorney Boswell. At the time, Boswell told him that she was informed by Page that the defendant wanted to plead guilty. Page was in the courtroom so counsel talked to him about the defendant' request. After talking with Page, counsel went to the jail and spoke with the defendant. Prior to this visit, the defendant had consistently indicated that he wanted to go to trial. Counsel recounted that during his visit, the defendant informed him that he wanted to plead guilty. Thereafter, counsel negotiated a plea with the state and brought the paperwork to the defendant. Counsel "sat down and went through the paperwork" with the defendant and he signed the paperwork.

Counsel testified that he reviewed the evidence with the defendant and asked the defendant if he had been "threatened or anything." The defendant replied that he had not. Counsel noted that he discussed the fact that the state was going to seek consecutive sentencing because the defendant was considered a violent offender. He advised the defendant that sentencing was to be determined by the trial court. He explained that if the defendant received consecutive sentences, the sentences would likely be affirmed on appeal.

Counsel recalled that the defendant was present at the preliminary hearing and was allowed to hear and review the evidence against him. Regarding discovery, counsel recalled that the information received came in bits and pieces; the last item, an arson report, was received two or three months before the case was scheduled for trial. Counsel said that when discovery was received, it was reviewed with the defendant. Counsel further noted that every aspect of the case was investigated, and the defendant was informed. Accordingly, counsel believed that the defendant was aware of what he was doing when he pled guilty.

At the conclusion of the hearing, the trial court stated as follows:

In deciding the issue that's before the Court, the Court has reviewed the transcript of the guilty plea hearing which was, in fact, conducted before this Court. That transcript reveals that the Court engaged the [defendant] in an exhaustive dialogue at the time of this plea, well beyond what would typically be the case even for a serious plea of guilty.

[The defendant] at that time acknowledged under oath that he was well pleased with the services of [counsel]. The Court specifically asked him if he had any complaints about [counsel's] services and the advice that had been rendered to him, and he said emphatically that he did not.

[The defendant] also said under oath, at that time, that no one had forced him, threatened him, or intimidated him, or promised him anything to get him to enter into

-3-

a plea of guilty. To the extent that he says something different today, and I don't necessarily think he does, the proof certainly falls short of coercion . . . .

The Court credits the testimony of [counsel] and discredits the testimony of [the defendant]. The Court observes that the representation of [the defendant during] the pretrial proceedings . . . were nothing short of zealous.

In summary . . . there is not a scintilla of evidence that's credible to support the withdrawal of the guilty plea of [the defendant]. . . .

With respects to the allegations that the Court failed to explain the elements of the offense to [the defendant], the Court would respond that the entry of the plea was taken in a fashion which the Court understands the Rules of Criminal Procedure and the requirements of due process . . . , so the motion is denied.

## II. Analysis

In the present case, the defendant moved to set aside his guilty plea after sentencing but before the judgment was final. Tennessee Rules of Criminal Procedure 32(f)(2) provides that "[a]fter sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice." Rule 32(f) does not define "manifest injustice;" however, on a case-by-case basis, reviewing courts of this state have recognized conditions that meet this standard. *State v. Crowe*, 168 S.W.3d 731, 741-42 (Tenn. 2005). Our supreme court has held that withdrawal to correct manifest injustice is appropriate where:

> (1) the plea "was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntary"; (2) the prosecution failed to disclose exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea.

*Id.* at 742 (footnotes omitted). However, a court should not allow the withdrawal of a guilty plea merely because the defendant had a change of heart or was dissatisfied with the severe punishment imposed after acceptance of the plea. *See State v. Turner*, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). The defendant bears the burden of demonstrating that his plea should be withdrawn to prevent manifest injustice. *Id.* The decision to allow the withdrawal of a guilty plea is within the discretion of the trial court and may not be overturned on appeal absent an abuse of discretion. *Henning v. State*, 201 S.W.2d 669, 671 (Tenn. 1947). An abuse of discretion exists if the record lacks substantial evidence to support the trial court's conclusion. *Goosby v. State*, 917 S.W.2d 700, 705 (Tenn. Crim. App. 1995).

-4-

In challenging the trial court's denial of his motion to withdraw his guilty plea, the defendant argues that his plea was not knowingly, voluntarily, and intelligently entered because his plea was entered without a sufficient factual basis and without an understanding of the nature of the charges to which the plea was offered.[1]

Upon review, we conclude that the defendant failed to prove that the trial court abused its discretion in denying the defendant's motion to withdraw his guilty plea. First, the defendant failed to demonstrate that his plea was entered without a sufficient factual basis. The following stipulation of facts was presented at the defendant's plea submission hearing:

> On November 28th of 2005, [the defendant] seized [the victim] by denying her freedom of movement. He inflicted serious bodily injury. He further inflicted such severe trauma that could have caused death. He did that at several locations here in Henry County, Tennessee, where she was raped repeatedly with several different acts of sexual penetration. She was also stabbed, beaten, and then placed in the trunk of her own vehicle where gasoline was poured on her person and on her car, and she was set on fire.

As previously noted, the defendant pled guilty to especially aggravated kidnapping, attempted first degree murder, and aggravated rape. *See e.g.*, Tenn. Code Ann. §§ 39-13-302, -305; 39-13-202; 39-12-101; 39-13-502. While the factual basis is succinct, we fail to discern how it is insufficient. It broadly encompasses all offenses to which the defendant pled guilty. In addition, the record clearly demonstrates that the defendant was advised of the charges against him through the indictments and the advice of his trial counsel. The defendant also specifically acknowledged under oath that he committed the acts as set forth in the stipulation of facts. Accordingly, the record clearly contradicts the defendant's blanket assertion regarding the inadequacy of the factual basis for the offenses to which he pled guilty, and the issue is without merit.

Next, in an interrelated argument, the defendant submits that his plea was unknowing because he did not understand the nature of the charges to which the plea was offered. However, the defendant did not present any proof as to this claim at the hearing on his motion to withdraw his plea.

It is well-settled that principles of due process require a plea of guilty to any criminal offense be knowing and voluntary. *See generally Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977). Therefore, a defendant should be given adequate notice of the nature of the offense so he can determine whether his conduct constitutes the offense to which he is pleading guilty. *See Bryan v. State*, 848 S.W.2d 72, 75 (Tenn. Crim. App. 1992). However, a trial court need not explain "in litany fashion" each element of every offense to which the defendant is pleading guilty. *Id*. Indeed, a defendant may become aware of the elements of the offense through allegations in the indictment, the contents of the guilty plea petition, or the statement

---

[1] On appeal, the defendant appears to have abandoned his primary claim that his guilty plea was not voluntary as a result of coercion of counsel.

of the charges and the stipulated evidence provided by the state during the guilty plea hearing. *See id*. at 76.

Contrary to the defendant's claim, the record in the instant case supports the trial court's conclusion that "there is not a scintilla of evidence that's credible to support the withdrawal of the guilty plea." The record includes copies of the indictments which set forth the basic elements of the offenses to which the defendant pled guilty. Also, the record includes a copy of the defendant's plea of guilty form, which was signed by the defendant, wherein he acknowledged that he understood the nature of the charges against him and the potential penalties the charges carried. Also, the transcript of the plea submission hearing indicates that the trial court conducted an extensive colloquy with the defendant prior to accepting his plea wherein the court recited the charges against him and evaluated his understanding of the consequences that would follow a guilty plea. In response, the defendant indicated that had sufficient opportunity to discuss his case with counsel and was satisfied with his counsel's representation, that he understood his guilty plea agreement, that his guilty plea was not coerced, and that he was not made any promises in exchange for his plea. The defendant also indicated that he did not have any questions about his plea. Moreover, the evidence presented at the hearing on the defendant's motion to withdraw indicates that the defendant was made aware of the charges and evidence against him through the advice of counsel and participation at the preliminary hearing. Therefore, we agree with the court that the defendant did not meet his burden of establishing that his plea should be withdrawn to prevent manifest injustice. Accordingly, we affirm the court's judgment in denying relief.

### III. Conclusion

Based on our review, we conclude that the trial court did not abuse its discretion in denying Rule 32(f) relief, and accordingly, we affirm that court's judgment.

_____
J.C. McLIN, JUDGE