# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 6, 2015

## STATE OF TENNESEE v. DAVID JEROME POWELL

### Appeal from the Circuit Court for Madison County
### No. 14-414    Donald H. Allen, Judge

### No. W2015-00366-CCA-R3-CD  -  Filed November 18, 2015

The Defendant-Appellant, David Jerome Powell, entered an open guilty plea to theft of property valued at more than $500 but less than $1000, driving on a cancelled, suspended or revoked license, and driving on a cancelled, suspended or revoked license, third offense, with the trial court to determine the length and manner of service of his sentence. See T.C.A. §§ 39-14-103, 55-50-504.  Prior to the sentencing hearing, Powell filed a motion to withdraw his guilty plea, alleging that he had a constitutional right to a jury trial.  The trial court denied the motion, finding no "just and fair reason to allow him to withdraw the plea."  At the sentencing hearing a few days later, the trial court merged the conviction for driving on a cancelled, suspended or revoked license with the conviction for driving on a cancelled, suspended or revoked license, third offense.  The court then sentenced Powell to consecutive sentences of six years with a release eligibility of sixty percent for the conviction for theft and eleven months and twenty-nine days for the conviction for driving on a revoked license, third offense, and ordered these sentences served consecutively to sentences Powell had received for three other convictions in other courts.  Thereafter, Powell appealed the trial court's denial of his motion to withdraw his guilty plea.  Upon review, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

George Morton Googe, District Public Defender; and Gregory D. Gookin, Assistant Public Defender, for the Defendant-Appellant, David Jerome Powell.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; James G. Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On July 28, 2014, the Madison County Grand Jury indicted Powell for theft of property valued at more than $500 but less than $1000, driving on a cancelled, suspended or revoked license, and driving on a cancelled, suspended or revoked license, third offense.

On October 21, 2014, the date of his trial, Powell asked the court to accept a plea agreement wherein he would enter a guilty plea to the charged offenses in exchange for concurrent sentences of four years with a release eligibility of thirty-five percent for the conviction for theft and a sentence of thirty days for the conviction for driving on a revoked license, third offense, with the court to determine the manner of service of this sentence. Powell, who was under oath, stated that his attorney had reviewed the plea agreement with him and that he understood the details of this agreement. He said he was not under the influence of alcohol, drugs, or medication that would impair his judgment. The trial court informed Powell that he had the right to plead not guilty, the right to a jury trial, the right to assistance of counsel at every critical stage of the proceedings, the right to confront and cross-examine witnesses against him, the right to present evidence on his own behalf, the right not to incriminate himself, and the right to appeal his convictions and sentences following trial. Powell stated that he fully understood these rights. The trial court also informed Powell that by entering a guilty plea, he would be waiving his right to a trial and would be admitting that he committed the charged offenses. The court also told Powell that once the guilty plea was accepted, it could not be withdrawn unless the court allowed him to withdraw it. The trial court informed him that his guilty plea to the charges could result in increased punishment for future convictions. Powell asserted that he was entering his plea freely and voluntarily and that no threats or promises had been made to cause him to plead guilty. He admitted that he was guilty of the charged offenses. Powell said that his attorney had fully advised him of all possible defenses to his charges and that he had no questions about any of the advice his attorney had given him. The trial court informed Powell that if he entered this guilty plea, he would not have a right to appeal his conviction but would have a right to appeal the sentence imposed by the court. The trial court informed Powell of the ranges of punishment he was facing for the charges, the details of the plea agreement, and the requirement for submitting a DNA sample in light of his felony conviction.

The State then summarized the facts supporting Powell's guilty plea:

-2-

[On] March 20th of 2014 the State would show at trial that Mr. Powell did knowingly obtain or exercise control over property over the value of $500 without the effective consent of the owner being Hunter Creasy with intent to deprive the owner of the property. Also that he was unlawfully driving a motor vehicle upon a public highway in Madison County, Tennessee while his driver[']s license was cancelled, suspended or revoked and it was in such a status because of two prior convictions out of Shelby County General Sessions Court, one in April of 2011 and one in March of 2011.

If it please the Court, the State would show at trial that on that date of March the 20th of 2014 that Captain Fitzgerald with the Madison County Sheriff's Department conducted a traffic stop of a white Ford Explorer that was towing a gray Dodge Ram. There were no tow lights and heavy smoke was coming from that vehicle. That was suspicious. In addition, Captain Fitzgerald knew—had witnesse[d] Mr. Powell in towing this vehicle, loading it, and knew who the owner of the vehicle was and so he was suspicious about that. He stopped the vehicle and asked for a driver's license. Mr. Powell produced an ID only. It was discovered he was driving on [a] revoked [license] so that led to the arrest.

Upon further investigation, Mr. Powell admitted that he had taken this vehicle but that somebody had given him permission to take it. Of course, Mr. Creasy was not that individual that did that. That's the owner of the vehicle who is before the Court on the third row to Your Honor's left. He was the lawful owner of that vehicle and had not given permission for anybody to take it, but in the statement of Mr. Powell it said that somebody told him that he could have that vehicle that it didn't work and he could have that vehicle, but that was not the lawful owner of the vehicle and therefore it was theft from Mr. Creasy.

All this occurred in Madison County, Tennessee.

Powell acknowledged the aforementioned facts were substantially correct and that he had taken the truck without the permission of the owner. When Powell asserted that someone had posted an advertisement for the truck on the craigslist website, defense counsel explained:

Your Honor, there was a statement that he gave to law enforcement and basically the situation was there was apparently some sort of ad on Craig's List [sic] which we've been unable to retrieve or replicate. Mr. Powell and his nephew went to this house in Beech Bluff which is Mr.

Creasy's home. They met a man and I think the name given was Jeremy, but it was not the lawful owner and there was no title that transferred. There was no registration info [sic] that transferred. There was actually I don't think any money that transferred. Mr. Powell came back a few days later and then was towing the vehicle. He and I have discussed that it's a knowing sort of thing [and that he] should have known that this perhaps was not on the up-and-up, but he's never denied he was towing the vehicle and that he was driving on [a] suspended license, but he did take it without either Hunter Creasy['s] or his mother's permission.

After fully considering the plea agreement, the trial court rejected the sentence recommended by the State. The trial court gave Powell the choice of proceeding to trial that day or entering an open guilty plea with the court to determine the length and manner of service of his sentence at a later date. After consulting with his attorney, Powell chose to enter an open guilty plea to the charged offenses that day and to have the court determine his sentence at a later hearing. After reminding Powell of the rights he was waiving and the potential sentences he faced, the court accepted his open guilty plea, revoked his bond, and set a sentencing hearing for December 1, 2014.

On November 26, 2014, just prior to the scheduled sentencing hearing, Powell filed a motion to withdraw his guilty plea, alleging that exercising his constitutional right to a jury trial was a "fair and just reason" for the withdrawal of his plea. The trial court conducted hearings on Powell's motion on December 15, 2014, and December 22, 2014.

At the December 15, 2014 hearing, Powell testified that he wished to withdraw his guilty plea on the theft charge. Powell stated that his fiancé's nephew, who had been with him at the time of his arrest, was not present to testify for him on his scheduled trial date because he was attending college in Knoxville and did not have sufficient funds to travel. Powell asserted that he entered his open guilty plea because this witness was not able to testify on his behalf and because all of the witnesses present for trial were testifying for the State. He acknowledged that he had been convicted of felonies in Shelby County but asserted that he had always entered guilty pleas and had never proceeded to trial. Defense counsel acknowledged that Powell had talked to him about having his fiancé's nephew testify for him at trial. After hearing arguments from the parties, the trial court took the matter under advisement and continued the hearing to December 22, 2014.

At the December 22, 2014 hearing, the trial court recalled that on October 21, 2014, which was Powell's scheduled trial date, jurors were in the courthouse and witnesses were present in the courtroom. Defense counsel informed the court that his client was ready to proceed with the trial until Powell suddenly decided to enter his guilty

-4-

plea. At that point, the court reviewed the details of the plea agreement with Powell, informed him of his rights, and explained the sentencing ranges he faced.

The trial court stated that after disclosing that he was not going to accept the State's recommendation regarding his sentence, he gave Powell the option of withdrawing his plea and going forward with his trial. Powell consulted with defense counsel before deciding to enter an open plea to the charges, with the court to determine the length and manner of service of his sentence. The trial court accepted his open guilty plea to the charges, dismissed the jurors, and discussed a sentencing date. The trial court noted that at no point in the process did Powell indicate he wanted to withdraw his guilty plea and proceed to trial, despite the fact that the State and the defense had been prepared to try his case that day.

After reading the plea submission transcript, the trial court recalled that it revoked Powell's bond, took him into custody, and set his sentencing hearing a week later so that the presentence report could be prepared. The court said that although it was ready to proceed with the sentencing hearing, Powell filed the motion to withdraw his guilty plea a few days prior to the scheduled sentencing hearing.

At the conclusion of the hearing, the trial court denied the motion, finding that there was no just and fair reason to allow Powell to withdraw his guilty plea:

> Now, under Rule 32(f)(1), Tennessee Rules of Criminal Procedure, the burden rests upon the defendant to show some fair and just reason . . . why the Court should allow him to withdraw his guilty plea. You know, I listened to what Mr. Powell stated. He indicated something on the hearing date something about a witness that he says lives in Knoxville, Tennessee. I was never told on the morning of trial that he had any missing witness. If I had been told that, I may have said, you know, they should have been here or we could have done something else, but I was never told about any missing witness. I was told he was ready to go to trial that day and we were prepared to go to trial that day. But, instead it appears to the Court that [t]he defendant willfully, voluntarily, knowingly and intelligently went ahead and decided to enter a guilty plea. I accepted the plea.
>
> Now, nothing has really—in the Court's opinion, nothing has really changed since then except the defendant for whatever reason now wishes to withdraw his guilty plea. I don't find any fair and just reason to allow him to withdraw his guilty plea.

Now, I will state this: Apparently some of the factors the Court has to consider is the amount of time that has elapsed from the guilty plea. Again, October the 21st until the time the motion was filed which was a little over a month later on November the 26th. So, it was not a long period of time between the guilty plea and the motion, but really there's nothing else to indicate that the defendant should be allowed to withdraw the guilty plea. You know, he told me under oath on multiple occasions when asked if he was guilty of these charges and he told me that he was.

You know, given those circumstances and—also I know the defendant has had some prior experience with the criminal justice system. I believe he told me a few weeks ago that, you know, he's entered guilty pleas before. I believe he told me that he's never gone to trial before; he's always entered [a] guilty plea. You know, certainly he's been through the process before and certainly understands that when you enter a guilty plea as I asked him and told him once I accept the plea you cannot withdraw it. So, you know, that's the circumstances.

I'm going to deny the motion to allow Mr. Powell to withdraw his guilty plea. I find that he fully understood what he was doing by pleading guilty. You know, I think the fact that I did revoke his bond and took him into custody and I guess he thinks that for some reason if I granted his motion to withdraw his plea that he's going to get back out on bond. I'm not sure what his motive is at this point to withdraw his guilty plea, but I just don't feel like there's any just and fair reason to allow him to withdraw the plea.

The motion will be denied.

While the transcript from the motion hearing clearly reflects the trial court's oral denial of the motion on December 22, 2014, the record in this case contains no order or minute entry denying Powell's motion to withdraw his guilty plea. See Tenn. R. App. P. 24(b) (stating that the appellant has a duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal"). On December 30, 2014, the trial court sentenced Powell to consecutive sentences of six years for the conviction for theft and eleven months and twenty-nine days for the conviction for driving on a revoked license, third offense, and ordered these sentences served consecutively to sentences Powell had received for three unrelated convictions. Although Powell was sentenced on December 30, 2014, the judgments of conviction containing his sentence were not entered until February 2, 2015, a delay not explained by the record. On February 26, 2015, Powell filed a timely notice

of appeal. Powell's sole argument on appeal is that the trial court erred in denying his motion to withdraw his guilty plea.

## ANALYSIS

Initially, we must consider whether Tennessee Rule of Appellate Procedure 4(c) is applicable to this case. Rule 4(c) states that "[i]n a criminal action, if a timely motion or petition under the Tennessee Rules of Criminal Procedure is filed in the trial court by the defendant: (1) under Rule 29(c) for a judgment of acquittal; (2) under Rule 32(a) for a suspended sentence; (3) under Rule 32(f) for withdrawal of a plea of guilty; (4) under Rule 33(a) for a new trial; or (5) under Rule 34 for arrest of judgment, the time for appeal for all parties shall run from entry of the order denying a new trial or granting or denying any other such motion or petition." Tenn. R. App. P. 4(c) (emphasis added).

Although Rule 4(c) does not explicitly state that it applies only to motions to withdraw a guilty plea filed after the entry of the judgment of conviction, this rule references several post-judgment motions that, if timely filed, toll the running of time for filing a notice of appeal. See Tenn. R. App. P. 4(c), Advisory Comm'n Cmt. Because the motion to withdraw the guilty plea in this case was filed before, rather than after, entry of the judgments of conviction in this case, Powell was required to file his notice of appeal within thirty days of entry of the judgments of conviction rather than within thirty days from entry of the order denying his motion. See Tenn. R. App. P. 3(b) ("In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had." (emphasis added)); Tenn. R. App. P. 4(a) ("[T]he notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ."). Because Powell filed his notice of appeal within thirty days of entry of the judgments of conviction, this court has jurisdiction to review the denial of the motion to withdraw his guilty plea.

On appeal, Powell argues that the trial court erred in denying his motion to withdraw his guilty plea because he articulated "a fair and just reason" in support of his motion. After reviewing the record in light of the factors in State v. Phelps, 329 S.W.3d

436, 446 (Tenn. 2010), we conclude that the trial court properly exercised its discretion in denying Powell's motion to withdraw his guilty plea.

This court reviews a trial court's decision regarding a motion to withdraw a guilty plea for an abuse of discretion. Phelps, 329 S.W.3d at 443 (citing State v. Crowe, 168 S.W.3d 731, 740 (Tenn. 2005)). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." Id. (citing State v. Jordan, 325 S.W.3d 1, 38-40 (Tenn. 2010). This court held that it will "also find an abuse of discretion when the trial court has failed to consider the relevant factors provided by higher courts as guidance for determining an issue." Id. (citing State v. Lewis, 235 S.W.3d 136, 141 (Tenn. 2007)).

Tennessee Rule of Criminal Procedure 32(f) provides:

Withdrawal of Guilty Plea.

(1) Before Sentence Imposed.—Before sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason.

(2) After Sentence But Before Judgment Final.—After sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice.

Tenn. R. Crim. P. 32(f) (emphases added). Rule 32(f) makes it clear that "a criminal defendant who has pled guilty does not have a unilateral right to later withdraw his plea either before or after sentencing." Phelps, 329 S.W.3d at 444 (citing Crowe, 168 S.W.3d at 740; State v. Mellon, 118 S.W.3d 340, 345 (Tenn. 2003)). However, "'the trial judge should always exercise his discretion with caution in refusing to set aside a plea of guilty, to the end that one accused of crime may have a fair and impartial trial[.]'" Id. (quoting Henning v. State, 201 S.W.2d 669, 671 (Tenn. 1947)). "The defendant bears the burden of establishing sufficient grounds for withdrawing his plea." Id. (citing State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995)).

In Phelps, the Tennessee Supreme Court adopted the following list of factors used by the United States Court of Appeals for the Sixth Circuit in determining what constitutes "any fair and just reason" supporting the withdrawal of a guilty plea prior to sentencing:

(1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

Id. at 446 (quoting U.S. v. Haygood, 549 F.3d 1049, 1052 (6th Cir. 2008)); see U.S. v. Spencer, 836 F.2d 236, 239-40 (6th Cir. 1987). However, the court asserted that "this list of factors is not exclusive; that no single factor is dispositive; and that the relevance of each factor varies according to the circumstances surrounding both the plea and the motion to withdraw." Id. (citing Haygood, 549 F.3d at 1052). In addition, it stated that "a trial court need not consider the seventh factor unless and until the defendant establishes a fair and just reason for permitting withdrawal." Id. at 446-47 (citing U.S. v. Ellis, 470 F.3d 275, 286 (6th Cir. 2006)); see Spencer, 836 F.2d at 240.

The Phelps court also held that a "change of heart" may warrant the withdrawal of a guilty plea when the balance of the factors weighs in the defendant's favor:

Significantly, the Court of Appeals for the Sixth Circuit has emphasized that the purpose of the "any fair and just reason" standard "is to allow a hastily entered plea made with unsure heart and confused mind to be undone." United States v. Alexander, 948 F.2d 1002, 1004 (6th Cir. 1991) (emphasis added). See also Ellis, 470 F.3d at 281 ("Withdrawal of a plea is appropriate where there is a real confusion or misunderstanding of the terms of the agreement."). We hold that, where a trial court applies the correct non-exclusive multi-factor analysis and determines that the balance of factors weighs in the defendant's favor, the trial court should allow the defendant to withdraw his plea, even if the defendant's reasons could be characterized as a "change of heart." We also caution trial courts, however, that a defendant should not be allowed to pervert this process into a tactical tool for purposes of delay or other improper purpose. See Alexander, 948 F.2d at 1004 (quoting United States v. Carr, 740 F.2d 339, 345 (5th Cir. 1984)).

Id. at 448.

A review of the appellate record shows that the trial court did not apply each of the factors in Phelps. However, because the record contains all of the information presented

to the trial court at the time that the court made its decision regarding the motion to withdraw the guilty plea, we will conduct our own analysis of these factors in determining whether there was "any fair and just reason" for Powell to withdraw his guilty plea. See id. at 448-51 (conducting its own analysis of the factors related to the "any fair and just reason" standard after noting that the record contained evidence relevant to at least some of these factors, despite the fact that the trial court failed to conduct the proper analysis using these factors); State v. Timothy Damon Carter, No. M2010-02248-CCA-R3-CD, 2012 WL 2308293, at *7-9 (Tenn. Crim. App. June 18, 2012) (concluding that the trial court erred in failing to apply the Phelps factors to the evidence and conducting its own analysis of these factors after noting that the record contained all of the information presented to the trial court when it denied the motion to withdraw the guilty plea).

First, regarding the amount of time that elapsed between the plea and the motion to withdraw, the record shows that Powell entered his guilty plea on October 21, 2014, and filed his motion to withdraw the plea on November 26, 2014, more than five weeks later. While the trial court commented that "it was not a long period of time between the guilty plea and the motion," well-established precedent confirms that the length of time between the plea and the motion does not weigh in Powell's favor. Compare Phelps, 329 S.W.3d at 449 (concluding that a period of "almost seven weeks" between the entry of the plea and the filing of the motion to withdraw the guilty plea was "a significant length of time" and "weigh[ed] somewhat against Defendant."), and State v. Kevin Glenn Tipton, No. E2012-00038-CCA-R3-CD, 2013 WL 1619430, at *12 (Tenn. Crim. App. April 13, 2013) (stating that a period of more than six weeks between the entry of the guilty plea and the filing of the motion to withdraw the guilty plea was "a substantial amount of time."), with State v. Marcus E. Robinson, No. M2005-00670-CCA-R3-CD, 2006 WL 1097456, at *3, *5 n.5 (holding that a period of less than one month between the entry of the guilty plea and the pro se motion to withdraw guilty pleas was "of no consequence in this case as it was neither a particularly long nor short time."). At best, this factor is neutral.

Second, regarding the presence, or absence, of a valid reason for the failure to move for withdrawal of the plea earlier in the proceedings, the record shows that Powell never provided a reason for why he did not move to withdraw his guilty plea sooner. Compare State v. Ronald McMillian, No. M2012-02491-CCA-R3-CD, 2013 WL 4082628, at *4 (Tenn. Crim. App. Aug. 14, 2013) (holding that "[t]he lack of an explanation for the lapse of time between the plea and the motion to withdraw weighs against permitting withdrawal of the plea"), with Phelps, 329 S.W.3d at 449 (concluding that the second factor was inconclusive when the record was unclear as to "the length of time that passed between Defendant's instructions to his lawyer and the filing of the motion, or whether Defendant had sought to meet with his lawyer earlier"), and Timothy

Damon Carter, 2012 WL 2308293, at *7 (holding that the second factor was inconclusive when the proof did not show the date that the defendant met with counsel and did not explain "if it was at this meeting that the [d]efendant instructed his counsel to file the motion to withdraw his plea"). Consequently, at best, this factor is neutral.

Third, regarding whether the defendant has asserted or maintained his innocence, the record demonstrates that Powell chose to enter his guilty plea the day of his trial. Despite the trial court's rejection of the sentencing suggestions in the plea agreement, Powell chose to enter an open guilty plea that day and have the trial court determine the length and manner of his sentence at a later hearing. The transcript from the plea submission hearing shows that Powell acknowledged his guilt and agreed with the State's recitation of the facts supporting his guilty plea. While Powell did suggest that someone other than the owner had placed the advertisement for the truck on the craigslist website, he acknowledged that he never received a title for the truck and never paid any money for the truck. Powell also admitted that he removed the truck without the owner's permission. Consequently, this factor weighs against Powell.

Fourth, regarding the circumstances underlying the entry of the guilty plea, Powell concedes that "[t]his factor would likely weigh against [him]." He admits that he "was fully advised of his rights," that he "acknowledged what rights he was giving up by pleading guilty," and that the trial court had "a lengthy discussion with [him] about the statement of facts read by the State." The record shows that Powell was represented by counsel before and during his plea. At the time he entered his guilty plea, Powell had been informed of his rights and the potential sentences he faced. The transcript shows that Powell never expressed any confusion during the plea submission hearing. Compare Phelps, 329 S.W.3d at 450-51 (concluding that this factor weighed in the defendant's favor after noting that the "Defendant repeatedly expressed confusion and frustration about the [guilty plea] proceedings"), with Timothy Damon Carter, 2012 WL 2308293, at *8 (stating that "[u]nlike the defendant in Phelps, the Defendant here never expressed any confusion or frustration about the guilty plea proceedings"). At the plea submission hearing, Powell stated under oath that he understood that he was waiving his right to plead not guilty, his right to have a jury trial, his right against self-incrimination, his right to confront and cross-examine the State's witnesses, his right to call witnesses in his own behalf, his right to testify in his own behalf, and his right to appeal his conviction. He stated that he was not under the influence of any alcohol, drugs, or medication at the time he entered his plea, that no one had threatened or coerced him into entering his guilty plea, that he had discussed entering his guilty plea with his attorney, and that he was entering his plea freely and voluntarily. Powell said that he understood that his conviction could be used to increase or enhance his punishment in future cases. He also stated that defense counsel had explained his potential defenses. Powell understood that following entry of his open guilty plea the trial court would determine the length and

manner of his sentence, and he was informed of the potential sentences he faced. He stated that he was satisfied with trial counsel's performance and did not have any questions for the trial court. Powell acknowledged that the State's recitation of the facts supporting his guilty plea was correct before entering his open guilty plea. Consequently, this factor weighs against Powell.

Fifth, regarding the defendant's nature and background, the record shows Powell was thirty years old at the time he entered his guilty plea in this case. Aside from Powell's extensive criminal record that is detailed below, he had an extensive juvenile record that included a conviction for robbery and non-judicial adjudications for aggravated assault, burglary, theft of property valued at $500 or less, simple possession of marijuana, disorderly conduct, and truancy. Powell's presentence report shows that he "dropped out" of Melrose High School in Memphis when he was in the eleventh grade. Although Powell claimed that he had been employed as a laborer, welder, packer, septic tank assembler, and construction worker, these jobs were separated by months, and sometimes years, when he was unemployed. This factor weighs against Powell.

Sixth, regarding the degree to which the defendant has had prior experience with the criminal justice system, the presentence report shows that Powell had twenty-two prior convictions, including one conviction for aggravated assault, one conviction for aggravated robbery, eight convictions for theft, two convictions for resisting arrest, three convictions for domestic violence, one conviction for assault, three convictions for driving with a revoked license, one conviction for vandalism, and one conviction for criminal trespass. The presentence report also shows that Powell had his parole and probation revoked on several occasions. Although Powell asserted that he had always entered guilty pleas to his charges and never proceeded to trial, his extensive experience with the criminal justice system weighs against him.

Because the record does not support any factors indicating a "fair and just reason" for permitting the withdrawal of Powell's guilty plea, we need not consider the seventh factor regarding the potential prejudice to the State. See Phelps, 329 S.W.3d at 451 (stating that the potential prejudice to the prosecution factor only becomes relevant when the record shows that some of the factors indicate that there may be a "fair and just reason" to allowing the withdrawal of the guilty plea prior to sentencing); Timothy Damon Carter, 2012 WL 2308293, at *9 (holding that "[b]ecause none of the factors we have examined weigh in favor of the Defendant, we will not examine the last factor regarding prejudice to the State."). After reviewing the record in light of the non-exclusive multi-factor test in Phelps, we conclude that Powell failed to establish a "fair and just reason" for withdrawing his guilty plea to the theft charge. Accordingly, we affirm the judgment of the trial court.

## CONCLUSION

The trial court erred when it failed to apply all of the factors in <u>Phelps</u> to the evidence presented. However, after reviewing the record in light of these factors, we conclude that the trial court did not abuse its discretion in denying Powell's motion to withdraw his guilty plea. Therefore, the judgment of the trial court is affirmed.


_____
CAMILLE R. McMULLEN, JUDGE