IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 22, 2025

## STATE OF TENNESSEE v. TRISTAN WEATHERSPOON

**Appeal from the Criminal Court for Knox County**
**No. 125840   Steven Wayne Sword, Judge**

_____

**No. E2024-00472-CCA-R3-CD**

_____

The defendant, Tristan Weatherspoon, appeals the order of the trial court denying his motion to withdraw his guilty plea.  Upon our review of the record and the parties' briefs, we affirm the trial court's denial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which CAMILE R. MCMULLEN, P.J., and ROBERT W. WEDEMEYER, J., joined.

Sherif Guindi, Knoxville, Tennessee, for the appellant, Tristan J. Weatherspoon.

Jonathan Skrmetti, Attorney General and Reporter; Ryan Dugan, Assistant Attorney General; Charme Allen, District Attorney General; and Randall Kilby, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

On October 5, 2021, the defendant was arrested on two counts of aggravated assault. While being represented by a public defender, the defendant waived his right to a preliminary hearing and to a grand jury.  At that time, the defendant's attorney was negotiating a guilty plea by information on behalf of the defendant.

Subsequently, the defendant was arrested on several new charges. A new public defender was appointed to represent the defendant on these charges, as well as the pending aggravated assault charges.[1]

On September 12, 2023, the defendant, pursuant to a plea agreement, pled guilty to one count of aggravated assault in exchange for a three-year term of supervised probation with judicial diversion, as well as the dismissal of all remaining charges. On November 29, 2023, the defendant filed a motion to withdraw his guilty plea.[2]

A hearing on the defendant's motion to withdraw was held on July 11, 2024. At the hearing, the following testimony was presented:

Over the course of several months, while the defendant's cases were pending in General Sessions and in Criminal Court, the defendant had several conversations with his trial counsel to discuss his case. Trial counsel testified that the defendant was "very diligent" and "very attentive" about wanting to understand the evidence against him in each of his cases. Although the cases had not gone through an official discovery phase, trial counsel was able to review and share with him the State's evidence that would have been used against him. Trial counsel testified that after reviewing the evidence and discussing the case, the defendant did not appear hesitant to entering a guilty plea.

Prior to the defendant's allocution, the trial counsel became aware that the public defender's office had also represented the victim and a witness in the defendant's aggravated assault case; and, therefore, had a unwaivable conflict of interest in the case at bar. Trial counsel testified that he made the defendant aware of the conflict and explained that he was able continue to negotiate the guilty plea on the defendant's behalf, but he could not work on the aggravated assault case if it proceeded to trial. Trial counsel stated he told the defendant that, if they were unable to reach a plea agreement, the trial court would appoint a different attorney to represent him.

On September 12, 2023, during the plea allocution before the trial court, the following exchange took place:

THE COURT: Now, you have many important rights as an individual who's been charged with a criminal offense. One of the most important rights is the right to be represented by an attorney. That right to an attorney carries

---

[1] For purposes of this opinion, the defendant's second public defender will be referred to as "trial counsel."

[2] On September 29, 2021, the defendant's attorney made the defendant's desire to withdraw his guilty plea known to the trial court and a new, third attorney was appointed.

with you throughout all stages of the criminal justice process. Do you understand that?

DEFENDANT: Yes, sir.

THE COURT: You also have the right to plead not guilty. No one can force or coerce you in any way to plead guilty to this or to any other criminal offense. That's a decision that you must make completely voluntarily. Do you understand that?

DEFENDANT: Yes, sir.

THE COURT: Has anyone, in any way, forced or pressured you into this plea agreement?

DEFENDANT: No, sir.

. . .

THE COURT: Do you have any questions at all about your agreement or your rights in this matter?

DEFENDANT: No.

THE COURT: Are you satisfied with your lawyer's representation of you?
DEFENDANT: Yes.

. . .

THE COURT: [. . .] to aggravated assault, how do you plead, sir?

DEFENDANT: Guilty.

At the hearing on the motion to withdraw, the defendant testified that he was told by trial counsel that the public defender's office would not be able to represent him unless he "did a plea." Based upon that conversation, the defendant thought that he would be forced to continue without representation and that accepting a plea deal was the "only thing [he] could do." When asked at the hearing on the motion to withdraw if he was guilty of aggravated assault, the defendant responded, "No, I don't feel like I am."

Within two weeks of entering the guilty plea, the defendant telephoned trial counsel asking to withdraw his plea. Trial counsel testified that, while he did not remember the specifics of the conversation, he knew that after the defendant met with his probation officer, he did not "feel like he could comply" with the probation restrictions while seeking job opportunities as a security guard. It was trial counsel's understanding that the defendant's desire to withdraw his plea was in response to the conditions of his probation. However, the defendant testified that his desire to withdraw his plea "didn't have anything" to do his inability to carry a firearm. Instead, the defendant stated that he wanted to withdraw his plea because he was "not guilty."

After hearing arguments from counsel, the trial court accredited the testimony of the trial counsel that he had explained the conflict of interest to the defendant and that he did not tell the defendant that he would not have another attorney. Ultimately, the trial court found that the defendant "wants to withdraw his guilty plea because of the conditions of probation" and that it "did not find the defendant credible regarding his claim that he believed he would not have any attorney represent him if he didn't accept the plea offer." The trial court denied the defendant's motion, and this timely appeal followed.

## Analysis

On appeal, the defendant contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea because he is not guilty of the crime to which he pled. The State contends the trial court did not abuse its discretion in finding there was no manifest injustice related to the defendant's guilty plea. After review, we agree with the State.

A defendant does not have a unilateral right to withdraw a plea. *State v. Mellon*, 118 S.W.3d 340, 345 (Tenn. 2003); *see also State v. Turner*, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). Whether a defendant should be permitted to withdraw a plea is a matter addressed to the sound discretion of the trial court, regardless of when the motion is filed. *Mellon*, 118 S.W.3d at 345; *see also Henning v. State*, 201 S.W.2d 669, 671 (1947). The trial judge "should always exercise his discretion with caution in refusing to set aside a plea of guilty, to the end that one accused of a crime may have a fair and impartial trial." *Henning*, 201 S.W.2d at 671. The trial court's decision "will not be reversed unless it clearly appears that there was an abuse of discretion." *Id.* An abuse of discretion exists if the record lacks substantial evidence to support the trial court's conclusion. *Goosby v. State*, 917 S.W.2d 700, 705 (Tenn. Crim. App. 1995). However, the record must contain some substantial evidence to support the trial court's decision. *Id.*

The withdrawal of a guilty plea is governed by Rule 32(f) of the Tennessee Rules of Criminal Procedure. Rule 32(f) provides, "[a]fter a sentence is imposed but before the

judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice." Tenn. R. Crim. P. 32(f). This standard is based "upon practical considerations important to the proper administration of justice." *State v. Crowe*, 168 S.W.3d 731, 741 (Tenn. 2005) (quoting *Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir. 1963)). Trial courts and appellate courts must determine whether manifest injustice exists on a case-by-case basis. *Turner*, 919 S.W.2d at 355. In this case, the defendant filed his motion to withdraw his plea of guilty after he was sentenced to supervised probation with judicial diversion. Therefore, the defendant must show that his guilty plea should be set aside to correct a manifest injustice. *See id*.

Although Rule 32(f) does not define "manifest injustice," the courts have found withdrawal to correct manifest injustice where: (1) the plea "was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily; (2) the prosecution failed to disclose exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83, 88 (1963); (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea." *Crowe*, 168 S.W.2d at 742.

The defendant has the burden of establishing that the plea of guilty should be withdrawn to prevent "manifest injustice." *Turner*, 919 S.W.2d at 355. In determining whether the defendant has carried this burden, the trial court must determine whether the defendant and any witnesses presented are credible. *Id*. To establish manifest injustice, a "defendant must show more than a change of heart or dissatisfaction with the punishment ultimately imposed." *Id.*

Here, the defendant argues that there was manifest injustice because when he entered his guilty plea, he was under a misunderstanding about whether he would receive continued legal representation if he did not accept the plea offer. We do not agree with the defendant's argument. It was evident from trial counsel's testimony that counsel had explained to the defendant why the public defender's office could not represent the defendant at trial, and that another attorney would be appointed if the defendant wanted to go to trial. Further, at the plea allocution, the trial court questioned the defendant as to whether he understood his right to counsel throughout the criminal justice process. The defendant answered in the affirmative. Accordingly, we conclude the trial court did not abuse its discretion in its determination that manifest injustice did not exist.

Second, the defendant contends the trial court abused its discretion because he was not guilty of the offense to which he pled. However, the defendant entered his plea after months of discussion with his attorney that included conversations about the State's evidence against him. In addition, at the allocution hearing, the defendant unambiguously stated that he was pleading guilty. Lastly, and most notably, the trial court did not find the

defendant's testimony as to his motivation for seeking a withdrawal was credible. Instead, the trial court found that the defendant wanted to withdraw his guilty plea because the conditions of his probation would prohibit his possession of a firearm as a security guard. Finding no manifest injustice, we conclude the trial court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea.

## Conclusion

Based upon the foregoing authorities and reasoning, we affirm the trial court's denial of the defendant's motion to withdraw his guilty plea.

s/ J. ROSS DYER _____
J. ROSS DYER, JUDGE