IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 29, 2020

## STATE OF TENNESSEE v. EDWARD JEROME HARBISON

**Appeal from the Criminal Court for Hamilton County
Nos. 154361, 154362   Thomas C. Greenholtz, Judge**

_____

### No. E2019-01146-CCA-R3-CO

_____

The Defendant, Edward Jerome Harbison, appeals from the Hamilton County Criminal Court's denial of his "Motion for Second Chance," which the trial court considered as a Tennessee Rule of Criminal Procedure 35 motion.  On appeal, the Defendant contends that the court erred in denying relief.  We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Edward Jerome Harbison, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Neal Pinkston, District Attorney General; for the appellee, State of Tennessee.

### OPINION

The Defendant was convicted of first degree murder, second degree burglary, and grand larceny related to the 1983 killing of Edith Russell.  *See State v. Harbison*, 704 S.W.2d 314 (Tenn. 1986).  He was sentenced to death for the first degree murder conviction.  *Id.* at 316.  The Defendant has litigated various matters related to his convictions through the years.  *See Edward Jerome Harbison v. State*, No. E2011-01711-CCA-R3-PC, 2012 WL 1956757 (Tenn. Crim. App. May 31, 2012) (petition for the writ of error coram nobis), *perm. app. denied* (Tenn. Dec. 10, 2012 and Jan. 22, 2013); *Edward Jerome Harbison v. State*, No. E2004-00885-CCA-R28-PD, 2005 WL 1521910 (Tenn. Crim. App. June 27, 2005) (motion to reopen post-conviction petition), *perm. app. denied* (Tenn. Dec. 19, 2005); *Edward Jerome Harbison v. State*, No. 03C01-9204-CR-00125, 1996 WL 266144 (Tenn. Crim. App. May 20, 1996) (post-conviction petition),

*perm. app. denied* (Tenn. Nov. 12, 1996). In 2011, then-Governor Bredesen commuted the Defendant's death sentence to a sentence of life without the possibility of parole. *Edward Jerome Harbison*, 2012 WL 1956757, at *5.

In the present case, the Defendant filed a "Motion for Second Chance," in which he alleged that he had been a model prisoner, had not had any incident reports for a number of years, had worked in the prison, and had participated in various prison programs. He claimed that he was entitled to a second chance, that programs should be implemented to provide him and other prisoners with "skills and preparations that are needed to succeed in society," and that he should be released from his "unlawful confinement" in order to be afforded the opportunity to be a productive member of the Hamilton County community. In support of his motion, the Defendant relied upon a Presidential Proclamation declaring April 2018 to be Second Chance Month. *See* Proclamation No. 9717, 83 Fed. Reg. 14,563, 2018 WL 1606015 (Mar. 30, 2018).

In its order denying the motion, the trial court found that the Defendant's request for release from unlawful confinement, despite the fact that the Defendant was serving a sentence of life without the possibility of parole, was essentially a request for a reduction of sentence pursuant to Tennessee Rule of Criminal Procedure 35. The court found, however, that the motion was untimely because Rule 35 motions are required to be filed within 120 days of the imposition of a sentence or revocation of probation. *See* Tenn. R. Crim. P. 35(a). The court found that the Presidential Proclamation conferred no authority upon the court to reduce the Defendant's sentence. Rather, the court found, "It merely encourages pre-completion opportunities for persons in prison to prepare for a successful and productive post-completion life and post-completion opportunities for persons with a criminal record to have a successful and productive post-completion life." The court found, as well, that the Defendant had not alleged any facts to support his claim of unlawful confinement that might support consideration of the motion as a petition for post-conviction relief or for a writ of habeas corpus.

On appeal the Defendant contends that (1) his fundamental constitutional rights were violated in the conviction proceedings and that he is entitled to a dismissal or a new trial and (2) violations of his constitutional rights had not been considered by a jury. He argues that, on these bases, this court should set aside the judgments and grant him a new trial. The State responds that the trial court did not err in denying the motion for a second chance and that the claims the Defendant has raised for the first time on appeal are waived because they were not raised in the trial court. We agree with the State.

With regard to the Defendant's Motion for Second Chance, he has not identified any legal authority which authorizes release from his sentence of life without parole. As the trial court correctly noted, relief pursuant to Tennessee Rule of Criminal Procedure 35 was unavailable because the Defendant's request was untimely, to the extent his motion

-2-

might be considered pursuant to Rule 35. The court was correct, as well, that nothing in the Presidential Proclamation purports to grant any authority or confer any requirement upon the states to release prisoners prior to the expiration of their sentences imposed pursuant to state law. For these reasons, the trial court did not err in denying relief on the Defendant's motion.

To the extent that the Defendant has raised claims for the first time on appeal, these claims are waived. *State v. Turner*, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995); *see* T.C.A. § 16-5-108(a) (2009) (stating that the jurisdiction of the Court of Criminal Appeals is appellate in nature); T.R.A.P. 36(a) (stating that the appellate courts may not grant relief in contravention of the trier of fact).

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE