IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 2, 2025

**RICKEY BENSON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County
No. C2306264, C2403632  Carolyn W. Blackett, Judge**

_____

**No. W2025-00372-CCA-R3-HC**
_____

The Petitioner, Rickey Benson, acting pro se, appeals from the order of the Shelby County Criminal Court summarily dismissing his petition seeking a writ of habeas corpus. After review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, P.J., and JILL BARTEE AYERS, J., joined.

Rickey Benson, Memphis, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Lacy E. Wilber, Senior Assistant Attorney General; and Steve Mulroy, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The limited record in this case does not include the judgments of the underlying conviction or a transcript of the case disposition. However, in his filings, the Petitioner states that he was convicted of two counts of burglary of a building, for which he received a three-year sentence and a two-year sentence to be served.[1]

On December 2, 2024, the Petitioner filed a petition for writ of habeas corpus, asserting (1) that he should be granted a pardon and be released because of mental and physical illness, (2) that he has been waiting on approval for his Supplemental Security Income from 2021 to 2024, and (3) that the State has "inflicted double jeopardy upon him" because "he was biten [sic] by the police dog at the time of the crime[.]" He also asserted

---

[1] The record does not indicate whether the Petitioner sought a direct appeal or post-conviction relief.

that the court should "subpoena the SSA Judge of his SSI phone hearing at SCCJC" because "she is a witness to his mental and physical illness due to her recent approval of his SSI[.]" The Petitioner asked that he be released to "benefit from both mental illness and substance use treatment[,]" and "receive both medical and surgical [sic] attention to his physical illness." On February 11, 2025, the habeas corpus court summarily dismissed the petition based on the Petitioner's failure to "state a colorable claim[][for] which relief could be granted." The Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, the Petitioner argues that he is entitled to habeas corpus relief on several grounds. First, he maintains that he has properly stated a cognizable claim for relief by alleging that he suffers from mental and physical illness; he has "waited for the SSA to approve me for my [Supplemental Security Income] from 2021 to 2024[;]" and the State "inflicted double jeopardy upon him" because "he was biten [sic] by the police dog at the time of the crime[.]" Second, he contends that the habeas court violated his constitutional rights "by not appointing [him] a counselor to represent [him] nor conducting a hearing nor issuing an order to [his] state habeas petition." He alleges that he is entitled to monetary damages for this violation. Lastly, the Petitioner asserts that his conviction judgments are "void" because the trial court ordered that his two-year sentence run consecutively to his three-year sentence. The State responds that summary dismissal was proper because the Petitioner has failed to assert cognizable habeas corpus claims and has failed to attach his judgments to his petition for writ of habeas corpus. We agree with the State and conclude that the Petitioner is not entitled to relief.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see Tenn. Code Ann. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255

(citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529; Archer, 851 S.W.2d at 161-64). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Summers, 212 S.W.3d at 261; Hickman, 153 S.W.3d at 20. "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

The procedural requirements for habeas corpus relief are mandatory and must be strictly followed. Summers, 212 S.W.3d at 259; Hickman, 153 S.W.3d at 21. Tennessee Code Annotated section 29-21-107(b)(2) requires that the Petitioner include a copy of the "[t]he cause or pretense of such restraint according to the best information of the applicant," which includes the judgment form. See Summers, 212 S.W.3d at 261. "A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." Summers, 212 S.W.3d at 260; see Hickman, 153 S.W.3d at 21.

As a preliminary matter, the Petitioner is not entitled to relief because he failed to comply with the mandatory procedural requirements of Tennessee Code Annotated section 29-21-107(b)(2). The Petitioner failed to attach his original judgment of conviction to his petition or provide a satisfactory reason for its absence. Tenn. Code Ann. § 29-21-107(b)(2). This court has upheld the summary dismissal of a writ for habeas corpus for failure to include the relevant judgment of conviction in the petition. See e.g., Timothy L.

- 3 -

Jefferson v. Russell Washburn, Warden, No. M2019-01723-CCA-R3-HC, 2020 WL 5960110, at *3 (Tenn. Crim. App. Oct. 8, 2020); Shawn Christopher Sales v. Shawn Phillips, Warden, No. E2015-01746-CCA-R3-HC, 2016 WL 1366669, at *5 (Tenn. Crim. App. Apr. 4, 2016). The habeas corpus court's dismissal is proper on this ground alone. See Tenn. Code Ann. § 29-21-107(b)(2); Summers, 212 S.W.3d at 260-61.

Notwithstanding the procedural deficiency, the Petitioner has failed to state a cognizable claim for habeas corpus relief. From what we can glean from his brief, the Petitioner first contends that he is entitled to habeas corpus relief because he suffers from mental and physical illness; he has "waited for the SSA to approve me for my [Supplemental Security Income] from 2021 to 2024[;]" and the State allegedly "inflicted double jeopardy upon him" because "he was biten [sic] by the police dog at the time of the crime[.]" We reiterate that the grounds upon which a writ of habeas corpus may be issued are very narrow. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). None of the Petitioner's contentions allege that the trial court lacked jurisdiction or authority to impose the sentence, nor do they claim that the Petitioner's sentence of imprisonment has expired. See Archer, 851 S.W.2d at 164 (stating that habeas corpus relief is only available when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired."). Thus, the habeas court's finding that the Petitioner failed to state a cognizable claim for habeas relief was proper. The Petitioner is not entitled to relief on these claims.

Next, the Petitioner contends that the habeas court violated his constitutional rights against "unreasonable searches and seizures and Due Process" when it "searched and seized [his] state habeas petition by not appointing [him] a counselor to represent [him] nor conducting a hearing nor issuing an order to [his] state habeas petition."[2] He alleges that, in violating his rights, the habeas court caused him monetary damages for which he is entitled to $200 "for each and every day that [he] [has] served in prison" after the violation. This court has held that a habeas court may dismiss a pro se habeas petition, without the appointment of counsel or an evidentiary hearing, where it is clear from the petitioner's filings that no cognizable claim for relief has been stated and that the petitioner is not entitled to relief. Summers, 212 S.W.3d at 261-62; Hickman, 153 S.W.3d at 16. Again, none of the Petitioner's claims state a cognizable claim for habeas corpus relief. Accordingly, the habeas corpus court was not required to appoint the Petitioner counsel or conduct a hearing before summarily dismissing the petition.

---

[2] To the extent we understand the argument, the Petitioner's main contention is that the habeas court erred in not appointing him counsel and not conducting a hearing before dismissing his petition. Accordingly, we address that contention rather than any claim alleging a violation of the Fourth Amendment.

- 4 -

Lastly, the Petitioner argues that "the judgments of [his] three and two year sentences were void because [the trial court] made [his] two year sentence of case: C2403632 consecutive to [his] three year sentence of case: C2306264 in which the special conditions of case: C2403632 is: No PSRS serving a total of 5 years and the special condition of case: C2306264 is: GVIP, Mental Health[.]" However, the Petitioner has waived this issue by failing to raise it in his petition for habeas corpus relief. See State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995) ("A party may not raise an issue for the first time in the appellate court."); James Leon Parker v. David R. Sexton, Warden, No. E2011-01472-CCA-R3-HC, 2012 WL 32116, at *4 (Tenn. Crim. App. Jan. 6, 2012) (concluding that the petitioner waived an issue on appeal by failing to raise it in his petition for habeas corpus relief); Bobby Lee v. Stephen Dotson, Warden, No. W2007-02584-CCA-R3-HC, 2009 WL 482532, at *2 (Tenn. Crim. App. Feb. 24, 2009) (holding that "issues that were not presented to the habeas court will not be considered for the first time on appeal."). Waiver aside, the Petitioner's argument that his judgments are void because his sentences were ordered to be served consecutively is not an issue to be addressed in a habeas corpus proceeding. See Cantrell v. Easterling, 346 S.W.3d 445, 451 (Tenn. 2011), superseded by rule on other grounds, Tenn. R. Crim. P. 36.1 (holding that "whether multiple sentences should run concurrently or consecutively . . . depend upon findings of fact and are therefore appropriately raised only on direct appeal.").

Because the Petitioner has failed to comply with statutorily mandated procedural requirements for habeas corpus relief, and because his petition fails to state a cognizable claim upon which relief may be granted, the Petitioner is not entitled to relief.

## **CONCLUSION**

Based upon the above reasons, we affirm the habeas corpus court's dismissal of the petition.

s/            Camille            R. McMullen
CAMILLE R. MCMULLEN, JUDGE

- 5 -